**SAFEGUARD BUSINESS SYSTEMS, INC., a Delaware corporation, Appellant,**

**v.**

**Judith HOEFFEL, d/b/a Judith Hoeffel Company, Appellee.**

**No. 89–2730.**

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1990.

Decided July 12, 1990.

Frederick H. Riesmeyer, II, Kansas City, Mo., for appellant.

Douglas S. Laird, Kansas City, Mo., for appellee.

Before MAGILL, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge and BEAM, Circuit Judge.

BEAM, Circuit Judge.

This appeal requires us to construe Fed. R.Civ.P. 41(a)(1), which permits a plaintiff to voluntarily dismiss an action without prejudice before a motion for summary judgment or an answer is filed. In this action, plaintiff Safeguard Business Systems, Inc. sought a temporary restraining order, injunctive relief, and damages against defendant Judith Hoeffel. Following an evidentiary hearing on September 19, 1989, the district court announced from the bench that it would not grant a temporary restraining order, and that its pronouncement constituted a decision on the merits as to count V of Safeguard's complaint, which sought injunctive relief. On September 25, 1989, however, Safeguard filed a notice of voluntary dismissal pursuant to Rule 41(a)(1). Because we hold that this dismissal was effective, the district court, after September 25, 1989, was without jurisdiction to enter, as it attempted to do, orders and judgments. Accordingly, this appeal must be dismissed.

## I. BACKGROUND

Safeguard Business Systems sells its own business forms through a nationwide network of independent distributors. Its distributors are independent contractors who sign non-exclusive distributorship agreements with Safeguard. In August 1979 Hoeffel signed a distributorship agreement which included a two-year covenant not to compete, effective upon termination of the agreement for specified reasons. Beginning in 1986, when some of her customers became unhappy with Safeguard products, Hoeffel began selling business forms made by Safeguard's competitors. Hoeffel continued to sell Safeguard forms, but several times in 1987 and 1988 she told Safeguard that she was selling other products. In 1989 Safeguard offered to purchase Hoeffel's distributorship. She refused the offer, and instead let her agreements with Safeguard expire on their own terms. On August 30, 1989, after Hoeffel thought the agreements had expired, Safeguard gave written notice that it was terminating Hoeffel's distributorship.

Soon after, on September 15, 1989, Safeguard filed this diversity action in the Western District of Missouri, alleging breach of contract, tortious interference with a business relationship, breach of duty by an agent, and misappropriation of trade secrets. The complaint prayed for damages and injunctive relief. Seeking to enjoin Hoeffel from disclosing confidential information and from soliciting Safeguard customers, Safeguard simultaneously filed an application for a temporary restraining order. The district court scheduled a hearing on the temporary restraining order application for September 19. At the hearing, which lasted several hours, both Hoef-

fel and Donald Chilton, a business development manager with Safeguard, testified. On that date, immediately following their testimony, the district court found no irreparable injury, and declined to enter a temporary restraining order. Transcript of Hearing at 154. The court went on to find that Safeguard was not entitled to any injunctive relief, and that the hearing and oral ruling constituted a decision on the merits as to count V, which sought injunctive relief.

On September 25, Safeguard filed a notice of voluntary dismissal pursuant to Rule 41(a)(1), and refiled the same action in the District of Kansas on October 4, 1989. The district court in Missouri did not recognize Safeguard's voluntary dismissal, however, and entered, on October 4, 1989, a written judgment denying both the application for a temporary restraining order and any further injunctive relief. In the October 4 judgment, the district court held "that the date of the judgment is the date the Court's decision was announced from the bench on September 19, 1989." *Safeguard Business Sys., Inc. v. Hoeffel*, No. 89–0881–CV–W–1 (W.D. Mo. Oct. 4, 1989). Further, on October 26, the district court entered both a memorandum and order giving its reasons for the September 19 ruling, and another written judgment, which also recited its effective date as September 19, 1989.

In this appeal, Safeguard argues that the district court lost jurisdiction over this matter when Safeguard filed its notice of voluntary dismissal on September 25, and that its subsequent orders and judgments are void for lack of jurisdiction.

## II. DISCUSSION

■ Rule 41(a)(1) provides that "an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs." Fed.R.Civ.P. 41(a)(1). We have

held that Rule 41 is designed to "fix the point at which the resources of the court and the defendant are so committed that dismissal without preclusive consequences can no longer be had as of right." *In re Piper Aircraft Distrib. Sys. Antitrust Litig.*, 551 F.2d 213, 220 (8th Cir.1977). Because the rule permits dismissal as of right, it requires only notice to the court, not a motion, and permission or order of court is not required. 5 J. Moore, *Moore's Federal Practice* ¶ 41.02, at 41–14 (1988); 9 C. Wright & A. Miller, *Federal Practice & Procedure* § 2363, at 159 (1971). Thus, the courts can consider only the point at which a plaintiff loses the right to voluntary dismissal.

Rule 41 provides that the plaintiff loses the right when an answer or a motion for summary judgment is filed. These two instances have been construed strictly and exclusively. In *Foss v. Federal Intermediate Credit Bank*, 808 F.2d 657, 660 (8th Cir.1986), we recognized that the rule "must not be stretched beyond its literal terms." Similarly, other courts have held that Rule 41(a)(1) creates a bright line that leaves no discretion to the courts. *See, e.g., Santiago v. Victim Serv. Agency*, 753 F.2d 219, 222 (2d Cir.1985); *Thorp v. Scarne*, 599 F.2d 1169, 1175 (2d Cir.1979). Thus, we consider only whether an answer or a motion for summary judgment was filed before the notice of voluntary dismissal.

■ In this case, Safeguard filed its complaint and its application for a temporary restraining order on September 15, 1989. The district court held a hearing and made an oral ruling from the bench on September 19. Safeguard filed its motion of voluntary dismissal on September 25. While the district court apparently converted the temporary restraining order hearing into a hearing on all injunctive relief pursuant to Fed.R.Civ.P. 65(a)(2), and thus rendered what it termed a decision on the merits,[1] no answer or motion for summary

---

1. We note that the district court's oral ruling from the bench is not a judgment in compliance with Fed.R.Civ.P. 58. Rule 58 requires that a

"judgment shall be set forth on a separate document." We have held that compliance with Rule 58 is mandatory and more than a mere

judgment was filed before the notice of voluntary dismissal. Consistent with our cases, we can inquire no further. *Foss,* 808 F.2d at 660. *See also Thorp,* 599 F.2d at 1172–73 (declining to construe defendant's opposition to plaintiff's application for a temporary restraining order as the equivalent of a motion for summary judgment).

Hoeffel argues, however, that the district court rendered a decision on the merits before Safeguard filed its notice of voluntary dismissal, and that the case, therefore, fits within a narrow exception announced by the Second Circuit in *Harvey Aluminum v. American Cyanamid Co.,* 203 F.2d 105 (2d Cir.), *cert. denied,* 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383 (1953). In *Harvey,* the district court held a hearing on plaintiff's application for a preliminary injunction which lasted several days, and in which the merits of the case were squarely raised. *Id.* at 107. The Second Circuit found that the district court entered a decision on the merits before the notice of voluntary dismissal was filed, and thus, that "a literal application of Rule 41(a)(1) to the present controversy would not be in accord with its essential purpose of preventing arbitrary dismissals after an advanced stage of a suit has been reached." *Id.* at 108.

The Second Circuit itself, however, has limited *Harvey* to its facts, *see Thorp,* 599 F.2d at 1175, and we have also declined to consider whether certain actions of the court or parties constitute the equivalent of an answer or a motion for summary judgment. *Foss,* 808 F.2d at 659–60 (declining to consider whether district court's finding that complaint was without merit and frivolous constituted equivalent of a motion for summary judgment). There may be rare cases with extreme circumstances in which a district court enters a judgment on the merits at an early stage of the proceedings, prior to an answer or motion for summary judgment, in which the use of Rule 41(a)(1) is foreclosed. This case, however, is not

one of them. We must, therefore, apply the literal terms of Rule 41(a)(1).

### III. CONCLUSION

Because Safeguard filed its notice of voluntary dismissal before Hoeffel filed an answer or a motion for summary judgment, the voluntary dismissal must be given effect. The district court's orders and judgments filed after September 25, 1989, are, therefore, void for want of jurisdiction. *In re Piper,* 551 F.2d at 219. The case is dismissed without prejudice.

formality, *Sanders v. Clemco Indus.,* 862 F.2d 161, 167 (8th Cir.1988) (quoting *Moore v. Warwick Pub. School Dist. No. 29,* 794 F.2d 322, 323 n. 1 (8th Cir.1986)), and that the district courts should "take care to enter a separate judgment when they intend a final disposition in a case." *Id.*