**Kelly BRACKETT, Plaintiff**

v.

**STATE HIGHWAYS AND TRANSPORTATION COMMISSION OF MISSOURI, and Paul Todey, Defendants.**

No. 95–5006–CV–SW–1.

United States District Court,
W.D. Missouri,
Southwestern Division.

Aug. 29, 1995.

Charles Buchanan and Sarah L. Reeder, Joplin, MO, for plaintiff.

Rich L. Tiemeyer and Paula R. Lambrecht, Missouri Highway and Transportation Com'n, Jefferson City, MO, for defendants.

WHIPPLE, District Judge.

Pending before this Court are three motions concerning the status of Defendant Todey: 1) Plaintiff Brackett's Motion to Dismiss Without Prejudice [Count II of Plaintiff's First Amended Petition against Defendant Paul Todey], of July 19, 1995; 2) Defendant Todey's Motion to Dismiss Paul Todey from Count II of Plaintiff's First Amended Complaint, of May 30, 1995; and 3) Paul Todey's Suggestions in Opposition to Plaintiff's Motion to Dismiss Without Prejudice, of May 30, 1995, in which Mr. Todey asks for dismissal of the count *with* prejudice. For the reasons set forth below, we grant Plaintiff's motion and deny Defendant's motions.

**BACKGROUND**

On January 30, 1995, Ms. Brackett filed a complaint alleging violations of Title VII of the 1964 Civil Rights Act both against Ms. Brackett's former employer, the Missouri Highway and Transportation Commission, and Ms. Brackett's former supervisor, Paul Todey. Ms. Brackett alleges sexual harassment by Mr. Todey at work. On April 5, this Court dismissed the claims against Mr. To-

dey, holding that Title VII holds employers liable for their employees' actions, but that Title VII does not hold individual employees liable. Order of Apr. 5, 1995 (referring the parties to this Court's decision in *Engle v. Barton County Memorial Hospital*, 864 F.Supp. 118 (W.D.Mo.1994), which holds that Title VII's definition of "employer", the class of people liable for violations, does not include individual employees).

Ms. Brackett next amended her complaint on May 22, 1995, to assert that Mr. Todey is liable for sexual harassment under the Missouri Human Rights Act ("MHRA"), Mo. Ann.Stat. § 213.055 (Vernon Supp.1995), a state law similar to Title VII which prohibits certain employment practices such as sexual discrimination. Defendant Missouri Highway and Transportation Commission, but not Defendant Todey, filed an answer on May 30. Defendant Todey responded with a motion to dismiss, asserting that the MHRA, like the federal Title VII, does not impose liability on individual employees. Defendant Todey's Motion of May 30, 1995.

This Court then ordered Ms. Brackett to show cause why the MHRA claim against Mr. Todey should not be dismissed. Order of July 11, 1995. Ms. Brackett responded with her motion to dismiss without prejudice, based on the fact that she had filed the same action against Mr. Todey in state court. Plaintiff's Motion to Dismiss Without Prejudice of July 19, 1995.

**DISCUSSION**

■ The threshold question in this matter is whether Ms. Brackett is entitled to dismissal as of right or merely at this Court's discretion. Federal Rule of Civil Procedure 41(a)(1) grants plaintiffs the right to a voluntary dismissal without prejudice, without an order of court

(i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

Fed.R.Civ.P. 41(a)(1). *See generally* 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 2363 (2d ed. 1995). The plaintiff has no right to a voluntary dismissal, however, if the plaintiff's request for dismissal comes after the defendant's answer or motion for summary judgment and is not stipulated to by all parties. In that case, the court has discretion to grant the motion without conditions, grant it with conditions, or deny the motion entirely. *See* Fed.R.Civ.P. 41(a)(2) ("Except as provided in [41(a)(1)], an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."); 9 Wright & Miller, *supra*, § 2364; *Holmgren v. Massey–Ferguson, Inc.*, 516 F.2d 856, 857 n. 1 (8th Cir.1975) (holding that rulings under FRCP 41(a)(2) are "committed to the sound discretion of the trial court ...").

If Plaintiff Brackett is entitled to a voluntary dismissal without prejudice viz Defendant Todey, then this Court may take no further action on this aspect of the dispute. *Safeguard Business Systems v. Hoeffel*, 907 F.2d 861, 863–64 (8th Cir.1990). Specifically, this Court then could not dismiss Plaintiff's MHRA claim against Todey with prejudice, as Defendant Todey requests, by applying the Eighth Circuit's recent decision in *Lenhardt v. Basic Institute of Technology, Inc.*, 55 F.3d 377 (8th Cir.1995), which predicts that the Missouri Supreme Court would interpret the MHRA's definition of "employer" to exclude individual employees from liability. Were we not to dismiss Plaintiff Brackett's claim against Mr. Todey, she would likely lose.

The parties have not stipulated to a dismissal without prejudice. Therefore, Plaintiff Brackett is entitled as of right to an unconditional dismissal without prejudice only if Defendant Todey has not filed an answer or motion for summary judgment. Fed.R.Civ.P. 41(a)(1).

▪ The procedural background recited above reveals that Defendant Todey has not filed any document styled as an answer or as a motion for summary judgment. He has, however, filed what amount to 12(b) motions based on lack of personal jurisdiction and failure to state a claim upon which relief can be granted.

These motions are clearly not answers comporting with Fed.R.Civ.P. 8(b). "A motion to dismiss is n[ot] an answer...." 9 Wright & Miller, *supra*, § 2363, at 259.

▪ Nor are they motions for summary judgment. These motions may have merit. They may also be substantively akin to motions for summary judgment as a matter of law. Nevertheless, they are not motions for summary judgment. "A motion to dismiss is n[ot] ..., unless accompanied by affidavits discussing matters outside the pleadings that are not excluded by the court, a motion for summary judgment...." 9 Wright & Miller, *supra*, § 2363, at 259. *See also Aamot v. Kassel*, 1 F.3d 441 (6th Cir.1993); *Nix v. Fulton Lodge No. 2 of the International Association of Machinists and Aerospace Workers*, 452 F.2d 794 (5th Cir.1971), *cert. denied*, 406 U.S. 946, 92 S.Ct. 2044, 32 L.Ed.2d 332 (1972). *Nix* is most on point. In that case, the plaintiff had asked to voluntarily withdraw its cause of action before the defendant had filed an answer but after the defendant had filed 12(b) motions, including 12(b)(6) for failure to state a claim, just as in the case at bar. *Nix*, 452 F.2d at 797–798. Also as in the case at bar, the defendant did not submit with its motions either affidavits or other matters outside the pleadings, with the exception of some copied cases and a memorandum of law. *Id.* The Fifth Circuit ruled

"[b]y no stretch of the imagination can the Xerox copies of opinions of this court, attached to a memorandum of law submitted by the [defendant] in connection with the Rule 12(b)(6) motions be said to constitute matters outside the pleadings sufficient to transform a Rule 12(b)(6) motion into a motion for summary judgment."

*Id.* The Fifth Circuit accordingly affirmed the trial court's dismissal without prejudice.

▪ Although the courts in this circuit have not ruled squarely on the issue of when a 12(b)(6) motion is transformed into a motion for summary judgment, and although other circuits appear to disagree with the rules of the Fifth and Sixth Circuit referred

to above and found in *Aamot* and *Nix, see Aamot,* 1 F.3d at 443 (noting contrary rulings of the Third and Fourth Circuits), this Court believes that the Eighth Circuit would side with the *Aamot* and *Nix* courts of the Fifth and Sixth Circuits. The Eighth Circuit has only recently cautioned this Court that it should construe Rule 41(a)(1) narrowly when the rule might appear to limit the plaintiff's right to a dismissal without prejudice. *Safeguard Business Systems v. Hoeffel,* 907 F.2d 861, 863 (8th Cir.1990) (reversing orders filed after plaintiff had noticed voluntary dismissal without prejudice before the defendant had filed an answer or motion for summary judgment, but after a hearing of several hours denying plaintiff a TRO). *See also Foss v. Federal Intermediate Credit Bank of Saint Paul,* 808 F.2d 657, 660 (8th Cir.1986) ("[T]his Court and other courts have recognized that Rule 41(a)(1)(i) must not be stretched beyond its literal terms if it is to serve its intended purpose.").

The line between a motion for summary judgment and for dismissal for failure to state a claim may be arbitrary when both are based solely on legal grounds, but Rule 41 offers defendants two easy and reliable methods of terminating a plaintiff's arbitrary withdrawal without prejudice. First, defendants can file an answer. Second, defendants can file a motion for summary judgment. A third method is available in cases such as this, where the defendant has filed motions under 12(b): the defendant can move the court to convert the motions to motions for summary judgment pursuant to Rule 12(b) or 12(c). *See* 9 Wright & Miller, *supra,* § 2363, at 259; 5A Wright & Miller, Federal Practice and Procedure: Civil § 1372 (2d ed. 1990). Defendant Todey has done none of these things.

Finally, we note that even had we discretion to grant or deny the motion, we might be inclined to grant Ms. Brackett's request for dismissal without prejudice anyway. Doing so allows the Missouri state courts to interpret their state employment practices law, the MHRA, rather than having us, a federal court, decide the issue solely on our prediction of the state courts' response, no matter how accurate that prediction might be.

### ORDER

It is therefore ORDERED that Count II of Plaintiff's First Amended Complaint be dismissed against Defendant Todey without prejudice. It is further ORDERED that the Clerk of this Court treat Plaintiff's request for a voluntary dismissal without prejudice as if it were a notice of same entitled to enforcement. The Court finally DENIES Defendant Todey's motion to dismiss Count II against him with prejudice and DENIES Defendant Todey's remaining motions to dismiss as moot.