_____

No. 95-2168
_____

Robert E. Williams,                    *
                                       *
     Petitioner - Appellee,            *    Appeal from the United States
                                       *    District Court for the
     v.                                *    District of Nebraska.
                                       *
Harold W. Clarke, Warden of the        *
Nebraska Penal & Correctional          *
Complex; Donald Stenberg,              *
Attorney General for the State         *
of Nebraska,                           *
                                       *
     Respondents - Appellants.         *


                      _____

             Submitted:  January 12, 1996

               Filed:  April 29, 1996
                      _____

Before HANSEN, FLOYD R. GIBSON, and MORRIS SHEPPARD ARNOLD, Circuit
     Judges.
                      _____


HANSEN, Circuit Judge.

     Harold W. Clarke, Warden of the Nebraska Penal & Correctional
Complex, and Donald Stenberg, Nebraska's Attorney General (collectively
"the respondents"), appeal the district court's dismissal without prejudice
of Robert E. Williams's second petition for a writ of habeas corpus.  We
dismiss for lack of jurisdiction.

     To put the discussion into context, we briefly review the procedural
history of this case.  Williams is a Nebraska death row inmate, who was
convicted in 1978 on two counts of first degree murder and one count of
first degree sexual assault.  Williams received a sentence of death on each
murder count and a sentence of

imprisonment not to exceed 25 years for the first degree sexual assault conviction. The Supreme Court of Nebraska affirmed Williams's convictions and sentences. See State v. Williams, 287 N.W.2d 18 (Neb. 1979), cert. denied, 449 U.S. 891 (1980). Williams twice sought state postconviction relief, and relief was ultimately twice denied. See State v. Williams, 352 N.W.2d 538 (Neb. 1984); State v. Williams, 396 N.W.2d 114 (Neb. 1986).

In 1987, Williams filed his first federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court granted habeas corpus relief with regard to one death sentence and denied relief on the other. See Williams v. Clarke, 823 F. Supp. 1486 (D. Neb. 1993) (subsequent history omitted). Williams appealed the denial of relief on the remaining death sentence, and we affirmed. See Williams v. Clarke, 40 F.3d 1529 (8th Cir. 1994), cert. denied, 115 S. Ct. 1397 (1995).

On March 22, 1995, the date of his scheduled execution, Williams filed a second federal habeas petition, alleging new evidence of juror misconduct. Before any action was taken on the petition, however, the Supreme Court of Nebraska granted Williams a stay of execution to allow an evidentiary hearing in his third state postconviction relief action, alleging the same claim. Williams then filed a motion to dismiss this second federal habeas corpus petition without prejudice, in light of the state court proceedings. The respondents requested an enlargement of time in which to respond to the motion to dismiss, which the district court denied.

The district court sustained Williams's motion to dismiss without prejudice, construing it as a Federal Rule of Civil Procedure 41(a)(1) voluntary notice of dismissal. The respondents filed a motion requesting reconsideration of the order of dismissal, which has not been ruled upon. Williams then filed a

properly cast Rule 41(a)(1) notice of dismissal. The same day, the respondents filed a notice of appeal.

We must first determine the scope of our jurisdiction. Williams argues that this court lacks jurisdiction to entertain the respondents' appeal, because a motion to reconsider is still pending before the district court and because a voluntary dismissal prior to responsive pleading exists as a matter of right and is not appealable.

Federal Rule of Civil Procedure 41(a)(1) allows a plaintiff to dismiss an action without order of the court by filing a notice of dismissal at any time before the adverse party serves an answer or a motion for summary judgment. Rule 41(a)(1) voluntary dismissal is without prejudice unless the plaintiff has previously dismissed an action including the same claim in any other court. In ordinary civil cases, a notice of dismissal that complies with the rule operates as a matter of right upon notice to the court, and permission of the court is not required. Safeguard Business Sys., Inc. v. Hoeffel, 907 F.2d 861, 863 (8th Cir. 1990). In this case, Williams's first motion to dismiss sought permission of the court, but the district court construed it as a notice of voluntary dismissal, and Williams later filed a properly cast Rule 41(a)(1) notice of voluntary dismissal.

On appeal, "we consider only whether an answer or a motion for summary judgment was filed before the notice of voluntary dismissal." Id. No answer or motion for summary judgment had been filed in this case prior to the voluntary dismissal, and the respondents do not contend otherwise. Instead, the respondents contend that it is inappropriate even to apply Rule 41(a)(1) in the habeas context and that the district court abused its discretion by dismissing Williams's second habeas petition without allowing them an opportunity to demonstrate an abuse of the writ.

3

We acknowledge that the rules of civil procedure apply to habeas corpus petitions only "when appropriate" and "to the extent that they are not inconsistent with" the rules governing habeas corpus cases. Rule 11, Rules Governing Section 2254 Proceedings in the United States District Courts. The respondents caution that if Rule 41(a)(1) applies in the habeas context, death row inmates could use it as a stalling tactic to avoid a scheduled execution. This fear, however, is not borne out in the present case. Williams voluntarily dismissed pursuant to Rule 41(a)(1) before an answer or a motion for summary judgment had been filed in order to pursue state court remedies that became available only after he had filed his federal habeas petition. The voluntary dismissal was not used as a stalling tactic in this case because available state remedies must be exhausted before a writ of habeas corpus may be granted. 28 U.S.C. § 2254(b). See also Rose v. Lundy, 455 U.S. 509, 515-16 (1982). We conclude that in this particular context, a Rule 41(a)(1) voluntary dismissal is both appropriate and consistent with the rules governing habeas corpus cases.

"The effect of a voluntary dismissal without prejudice pursuant to Rule 41(a) `is to render the proceedings a nullity and leave the parties as if the action had never been brought.'" Smith v. Dowden, 47 F.3d 940, 943 (8th Cir. 1995) (quoting In re Piper Aircraft Distrib. Sys. Antitrust Litig., 551 F.2d 213, 219 (8th Cir. 1977)). Because we conclude that Rule 41(a)(1) applies in this context and that no answer or summary judgment motion had been filed prior to the notice of voluntary dismissal, this case is a nullity. Absent a final appealable order to support our jurisdiction, we can proceed no further.

Accordingly, we dismiss this appeal for lack of jurisdiction.

4

A true copy.

Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.