Danny **WOODY**, Plaintiff,

v.

**CITY OF DULUTH; State of Minnesota; Jerome E. Thompson, David C. Mattson, Jon Helstrom, Joe Johnson, David W. Krech, Clair E. Strandlie, Edward B. Shamblott, Lynn Beechler, James B. Berry, Dick Whitney, Duane R. Flynn, John F. Ball, Jr., and James A. Mlodzyniec, individually and as agents, officers and appointees of the City of Duluth, Defendants.**

No. CIV.97–871(MJD/RLE).

United States District Court,
D. Minnesota.

Sept. 8, 1997.

Michael R. Inglimo, Inglimo Law Office, Superior, WI, for Plaintiff.

Mary Alison Lutterman, Duluth City Atty., Duluth, MN, Amy V. Kvalseth, Minnesota Atty. Gen., St. Paul, MN, for Defendants.

Danny Woody, Duluth, MN, Pro se.

### ORDER

DAVIS, District Judge.

Based upon the Report and Recommendation of United States Magistrate Judge Raymond L. Erickson, and after an independent review of the files, records and proceedings in the above-titled matter, it is—

ORDERED:

1. That plaintiff's informal Motion to voluntarily dismiss his claims against the State of Minnesota, pursuant to Rule 41(a)(2), Federal Rules of Civil Procedure, shall be, and hereby is, granted.

2. That the State of Minnesota's Motion to Dismiss [Docket No. 2] shall be, and hereby is, denied, as moot.

---

1. Also before the Court are the Plaintiff's Motions to continue the Hearing on the State's Motion to Dismiss, and to continue the Pretrial Conference in this case, which was held on June 25, 1997.

3. That the State of Minnesota's, informal Motion for an Award of Costs and Disbursements shall be, and hereby is, denied, but that plaintiff is ordered to pay the State's reasonable costs and expenses, that were incurred in the presentation of its Motion to Dismiss, should the Plaintiff recommence his claim against the State, in a Federal Court.

### ORDER and REPORT AND RECOMMENDATION

ERICKSON, United States Magistrate Judge.

#### I. *Introduction*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A) and (B), upon the Defendant State of Minnesota's ("State's") Motion to Dismiss the Plaintiff's Complaint for lack of jurisdiction over the subject matter, and for failure to state a claim upon which relief can be granted, see, *Rules 12(b)(1) and 12(b)(6), Federal Rules of Civil Procedure,* and upon the Plaintiff's informal Motion to voluntarily dismiss his claims against the State. See, *Rule 41(a)(2), Federal Rules of Civil Procedure.*[1]

A Hearing on these Motions was held on July 21, 1997, at which time the Plaintiff appeared by Michael R. Inglimo, Esq., and the State appeared by Amy V. Kvalseth, Assistant Minnesota Attorney General.

For reasons which follow, we recommend that the Plaintiff's Motion be granted, and that the State's Motion be denied, as moot.

#### II. *Factual and Procedural Background*

The Plaintiff commenced this action, *pro se,* on April 11, 1997, with the filing of his Complaint. In his Complaint, which does not specify its bases for Federal subject matter jurisdiction, the Plaintiff alleges that he resides as a tenant, in an apartment building known as the San Marco Apartments, which is located at 224 West Third Street, in Duluth, Minnesota. He further alleges that the

As both the Hearing and the Pretrial Conference were convened as scheduled, pursuant to due and proper notice, we deny both of these Motions as moot.

Defendants have engaged in a pattern of misconduct, through the enforcement of the provisions of the City of Duluth's Building and Fire Codes, which is ultimately intended to result in the condemnation of the San Marco Apartments, and the eviction of its residents, including the Plaintiff.

As related in the Complaint, the Plaintiff's claims against the State are as follows:

> The State of Minnesota has adopted a hodgepodge of codes and commissions, whereby the only checks against abuse of first-line inspectors is by superiors passing judgment upon their own effectiveness, which is, in effect, no check on abuse of authority at all, but rather a system that encourages the reviewer always to uphold the behavior of the lower-level inspectors being reviewed.

\* \* \*

> As a direct result of laws passed by the State of Minnesota, Plaintiff is suffering the damages and is threatened with the irreparable loss of freedoms described in Count I \* \* \* for passing laws which violate the U.S. Constitution and Laws and for allowing its agents, officers, employees and appointees to fail to prevent prejudicial and discriminatory conduct resulting in loss of civil rights by Plaintiff.

*Complaint,* at ¶¶ 26, 39.

In his prayer for relief, the Plaintiff seeks an award of damages in an amount in excess of $50,000.00, and he also seeks injunctive relief.

■ Responding to these allegations, on May 1, 1997, the State filed its Motion to dismiss the Plaintiff's action against it, primarily on the ground that the Eleventh Amendment of the United States Constitution prohibits the Plaintiff from bringing this action against the State, in this Court.[2]

2. Although we need not here resolve the issue, we consider the State's Eleventh Amendment argument to be well-founded, and we address the issue only to undergird our determination that the Plaintiff's action against the State was abjectly without merit.

By its express terms, the Eleventh Amendment prevents the exercise of the "judicial power of the United States" only against a State by citizens of another State. See, *U.S. CONST. Amend, XI.* Nevertheless, the Supreme Court has interpreted the Eleventh Amendment's prohibition to encompass suits by all persons against a State in Federal Court. *Port Authority Trans–Hudson Corp. v. Feeney,* 495 U.S. 299, 304, 110 S.Ct. 1868, 1872, 109 L.Ed.2d 264 (1990); *Hans v. Louisiana,* 134 U.S. 1, 13, 10 S.Ct. 504, 506, 33 L.Ed. 842 (1890) (holding language of the Eleventh Amendment was broader than literal statement and included prohibition of suits against states by citizens of same state). "The Amendment is founded upon '[a] recognition that the States, although a union, maintain certain attributes of sovereignty, including sovereign immunity[;][and][i]t thus accords the States the respect owed them as members of the federation.' " *Hoeffner v. University of Minnesota,* 948 F.Supp. 1380, 1384 (D.Minn.1996), quoting *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 146, 113 S.Ct. 684, 689, 121 L.Ed.2d 605 (1993).

The Supreme Court has held, however, that Congress has the power, in limited circumstances, to abrogate a State's Eleventh Amendment immunity. Thus, through congressional abrogation, a plaintiff may proceed against a State, or against a State instrumentality, notwithstanding the Eleventh Amendment's grant of immunity, when the following three factors are present:

(1) the action must be brought pursuant to a Federal law;

(2) Congress must have expressed its intent to abrogate the State's Eleventh Amendment immunity within the body of that law; and

(3) in enacting the law abrogating immunity, Congress must have acted pursuant to a constitutional grant of authority which bestows upon it the power to abrogate.

*Seminole Tribe of Florida v. Florida,* 517 U.S. 609, ——, 116 S.Ct. 1114, 1123, 134 L.Ed.2d 252 (1996).

Furthermore, a congressional intent to abrogate, must be "unequivocally expresse[d]." *Seminole Tribe of Florida v. Florida,* supra at ——, 116 S.Ct. at 1123, citing *Green v. Mansour,* 474 U.S. 64, 68, 106 S.Ct. 423, 425–26, 88 L.Ed.2d 371 (1985). Here, the Plaintiff has not argued that Congress has abrogated the State's Eleventh Amendment immunity and, indeed, he has not even identified which Federal statutes, or laws, provide any basis for his claims against the State. While the Plaintiff's Complaint can plausibly be interpreted as stating a claim under Title 42 U.S.C. § 1983, it is well-settled that Congress did not abrogate the State's Eleventh Amendment immunity by enacting that Statute. See, *Quern v. Jordan,* 440 U.S. 332, 338–45, 99 S.Ct. 1139, 1143–47, 59 L.Ed.2d 358 (1979).

Moreover, while a State may consent to suit and, thereby, may waive its Eleventh Amendment immunity, see, *Idaho v. Coeur d'Alene Tribe of Idaho,* —— U.S. ——, ——, 117 S.Ct. 2028, 2033, 138 L.Ed.2d 438 (1997); *Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 238, 105 S.Ct. 3142, 3145–46, 87 L.Ed.2d 171 (1985), it will be deemed to have waived its immunity "only where stated 'by the most express language or by such

Thereafter, the Plaintiff retained his present counsel who, on June 25, 1997, appeared on the Plaintiff's behalf at the scheduled Pretrial Conference, and who, at that time, indicated an intention to file a Memorandum in response to the State's Motion.

Notwithstanding that assertion, the Plaintiff never filed a response to the State's Motion but, instead, at the Hearing on the Motion, the Plaintiff's counsel orally requested that the Plaintiff's claim against the State be dismissed, without prejudice. In response, counsel for the State urged that the dismissed be with prejudice, and she also requested that, pursuant to Title 28 U.S.C. § 1919, the Plaintiff reimbursed the State for the costs attendant to bringing its Motion to Dismiss. At the Court's direction, on July 25, 1997, counsel for the State filed an Affidavit containing a statement of the State's costs and disbursements, which were incurred in its presentation of the Motion to Dismiss.

### III. *Discussion*

After a close review of the pertinent authorities, we conclude that the Plaintiff's Motion for a voluntary dismissal of his claim against the State, without prejudice, should be granted. Indeed, in our considered view, the governing law clearly allows the Plaintiff to so dismiss his claims, without prejudice, as a matter of right.

A. *Standard of Review.* Although we have denominated the Plaintiff's request for dismissal as having been brought pursuant to Rule 41(a)(2), the disposition of his request is dictated by the language of Rule 41(a)(1), Federal Rules of Civil Procedure, which provides, in pertinent part, as follows:

> [A]n action may be dismissed by the plaintiff without order of the court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or a motion for summary judgment, which ever first occurs, * * * Unless otherwise stated

in the notice of dismissal * * * the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

Accordingly, "[b]ecause the rule permits dismissal as of right, it requires only notice to the court, not a motion, and the permission or order of the court is not required." *Safeguard Business Systems, Inc. v. Hoeffel,* 907 F.2d 861, 863 (8th Cir.1990), citing *5 J. Moore, Moore's Federal Practice,* § 41.02, at 41–14 (1988), and *9 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure,* § 2363, at 259 (1971). Therefore, a Court can consider only the point at which a plaintiff loses his right to voluntary dismissal and, in this regard, "Rule 41 provides that the plaintiff loses the right when an answer or a motion for summary judgment is filed," and "[t]hese two instances have been construed strictly and exclusively." *Safeguard Business Systems, Inc. v. Hoeffel,* supra at 863. Furthermore, "[w]hen a plaintiff requests dismissal without prejudice and the district court intends to dismiss with prejudice, * * * the district court must give the plaintiff notice of its intention and a chance to withdraw the request and proceed with litigation." *Jaramillo v. Burkhart,* 59 F.3d 78, 79 (8th Cir.1995), citing *Choice Hotels Int'l. Inc. v. Goodwin & Boone,* 11 F.3d 469, 471 (4th Cir.1993); *Gravatt v. Columbia University,* 845 F.2d 54, 56 (2nd Cir.1988); *Andes v. Versant Corp.,* 788 F.2d 1033, 1037 (4th Cir.1986); and *Moser v. Universal Eng'g Corp.,* 11 F.3d 720, 725–26 (7th Cir. 1993).

 B. *Legal Analysis.* Here, the State has not filed an Answer to the Plaintiff's Complaint, nor has it brought its jurisdictional challenge to his State claim in the frame-

---

overwhelming implications from the text as [will] leave no room for any other reasonable construction.' " *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1361, 39 L.Ed.2d 662 (1974), quoting *Murray v. Wilson Distilling Co.,* 213 U.S. 151, 171, 29 S.Ct. 458, 464, 53 L.Ed. 742 (1909). In recent years, the Courts have repeatedly rejected the argument that the State of Minnesota has waived its immunity from suit under the

Eleventh Amendment, see, *Manypenny v. United States,* 948 F.2d 1057, 1066 (8th Cir.1991); *Hoeffner v. University of Minnesota,* supra at 1392; *DeGidio v. Perpich,* 612 F.Supp. 1383, 1389 (D.Minn.1985), and the Plaintiff draws no authorities to our attention which argue for a different result. In short, the State has been put to unnecessary expense and effort in defending a claim which patently was without merit.

work of a Motion for Summary Judgment. Rather, it has raised its jurisdictional objection in a Rule 12(b) Motion to Dismiss. Although dated authority suggests that a Motion to Dismiss should, for purposes of Rule 41(a)(1), be regarded as the equivalent of a Motion for Summary Judgment, see, *Tele-Views News Company v. S.R.B. TV Publishing Co.*, 28 F.R.D. 303, 307–08 (E.D.Pa.1961); *Robertson v. Limestone Mfg. Co.*, 20 F.R.D. 365, 373 (W.D.S.C.1957), the reasoning beneath these decisions has eroded with time. See, e.g., *Aamot v. Kassel*, 1 F.3d 441, 444–45 (6th Cir.1993) (Motion to Dismiss does not terminate plaintiff's right of voluntary dismissal under Rule 41(a)(1)); *Matter of Jersey City Medical Center*, 817 F.2d 1055, 1056 (3rd Cir.1987) (same); *Exxon Corp. v. Maryland Cas., Co.*, 599 F.2d 659, 661 (5th Cir. 1979); *Carter v. United States*, 547 F.2d 258, 259 (5th Cir.1977); *Brackett v. State Highways & Transp. Com'n of Mo.*, 163 F.R.D. 305, 307 (W.D.Mo.1995); *Bender v. Smith Barney, Harris Upham & Co., Inc.*, 789 F.Supp. 155, 157 (D.N.J.1992); see also, *9 C. Wright & A. Miller. Federal Practice & Procedure*, § 2363, at 262 n. 20 (1995)(arguing that *Tele-Views News Company v. S.R.B. TV Publishing Co.*, supra, presents "a powerful argument but it seems better addressed to the Advisory Committee on Civil Rules."). Indeed, as our Court of Appeals has recently stated, in evaluating the timing of a plaintiff's request for a voluntary dismissal, "we consider only whether an answer or a motion for summary judgment was filed before the notice of voluntary dismissal." *Safeguard Business Systems. Inc. v. Hoeffel*, supra at 863.[3] As a consequence, the State's filing of a Motion to Dismiss raises no legal barrier to the Plaintiff's right to unilaterally dismiss his Complaint—that is, without leave of the Court.

Similarly, the fact that the State expended considerable resources in preparing and arguing its Motion to Dismiss does not have a preclusive impact upon the Plaintiff's standing to bring a dismissal request pursuant to Rule 41(a)(1). Again, while vintage authority supports the notion that, when a case has advanced substantially beyond the pleadings, so that the merits of the controversy have been "squarely raised," a voluntary dismissal may no longer be obtained by the plaintiff, see, *Harvey Aluminum v. American Cyanamid Co.*, 203 F.2d 105, 108 (2nd Cir.1953), cert. denied, 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383 (1953), our Court of Appeals has joined the other Federal Courts—including the Circuit that had initiated the rule in *Harvey Aluminum*—which have either rejected the reasoning of *Harvey Aluminum* outright, or have limited its application to "rare cases with extreme circumstances * * *." *Safeguard Business Systems, Inc. v. Hoeffel*, supra at 864; accord, *Marex Titanic. Inc. v. Wrecked and Abandoned Vessel*, 2 F.3d 544, 546–47 (4th Cir. 1993); *Johnson Chem. Co. v. Home Care Prods. Inc.*, 823 F.2d 28, 30 (2nd Cir.1987); *Manze v. State Farm Ins.*, 817 F.2d 1062, 1066 n. 4 (3rd Cir.1987); *Universidad Cent. Del Caribe. Inc. v. Liaison Comm. on Medical Educ.*, 760 F.2d 14, 18–19 (1st Cir.1985); *Winterland Concessions Co. v. Smith*, 706 F.2d 793, 795 (7th Cir.1983); *D.C. Elecs., Inc. v. Narton Corp.*, 511 F.2d 294, 297 (6th Cir. 1975); *Pilot Freight Car., Inc. v. International Bhd. of Teamsters*, 506 F.2d 914, 916–17 (5th Cir.1975), cert. denied, 422 U.S. 1048, 95 S.Ct. 2665, 45 L.Ed.2d 700 (1975).

To illustrate, in *Safeguard Business Systems, Inc. v. Hoeffel*, supra, the plaintiff brought a claim for injunctive relief, and then sought the imposition of a temporary restraining order ("TRO"). The District Court conducted a Hearing on the Application for a

---

3. We are mindful that the State has alternatively styled its Motion to Dismiss as one arising under Rule 12(b)(6), Federal Rules of Civil Procedure, which, in its final sentence allows a Court to treat a Rule 12(b)(6) Motion as one for Summary Judgment, when "matters outside the pleading are presented to and not excluded by the court * * *." A Rule 12(b)(6) Motion, which is treated by the Court as a Rule 56 Motion, naturally operates to curtail the plaintiff's ability to voluntarily dismiss his claim pursuant to Rule 41(a)(1). See, e.g., *Wilson–Cook Medical, Inc. v. Wilson*, 942 F.2d 247, 251 (4th Cir.1991); *Ansonia Tenants' Coalition, Inc. v. Ansonia Associates*, 163 F.R.D. 468, 470 (S.D.N.Y.1995). Here, however, the State has not filed any supporting materials with its Rule 12 Motion and, therefore, we may not properly treat its Motion as alternatively seeking Summary Judgment.

TRO and, after hearing several hours of testimony, the District Court orally indicated that it would deny the application, and would enter an Order which would constitute a decision, on the merits, as to the equitable claim. Before the Court could issue its written Order, however, the Plaintiff filed a Rule 41(a)(1) Notice of Voluntary Dismissal, and then proceeded to refile the action in another Federal Court. Notwithstanding this attempted dismissal, the District Court chose to disregard the Notice, and entered a written Order which both denied the Application for TRO, and entered a Judgment against the Plaintiff on the injunctive claim. *Id.* at 862–63.

In reviewing the District Court's Order, however, our Court of Appeals reversed and, consistent with the Plaintiff's Notice of Voluntary Dismissal, ordered that the case be dismissed without prejudice. *Id.* at 864. In so holding, the Court noted that the defendant had not filed either an Answer or a Motion for Summary Judgment and, as a consequence, it determined that it could "inquire no further" into the propriety of the Plaintiff's voluntary dismissal, since the Court was bound by "the literal terms of Rule 41(a)(1)." *Id.*

. [4] Here, we are similarly bound by the literal language of Rule 41(a)(1) and, accordingly, we recommend that the Plaintiff's Motion for a voluntary dismissal of his claims against the State, without prejudice, be granted, and we recommend that the State's Motion to Dismiss be denied, as moot. Lastly, we recommend that the State's request for reimbursement of its fees and costs be denied but, consistent with the representation made by counsel, at the time of the Hearing, if the Plaintiff seeks to recommence his claim in Federal Court, then he shall be obligated to pay the State's reasonable attorney's fees in presenting its Motion to Dismiss in this Court. We think such a result draws a proper balance between the unnecessary waste that the State has been compelled to incur as a result of the Plaintiff's failure to promptly recognize the futility of his claim against the State, with the State's own lack of diligence in forestalling such a waste, by the filing of an Answer in conjunction with its

Motion to Dismiss. See, *Manze v. State Farm Ins.*, supra at 1066 (noting that the State could have prevented the voluntary dismissal of the plaintiff's claim "simply by answering the complaint"). Nonetheless, we would commend to the Plaintiff, and to his counsel, a close adherence to the due diligence standard of Rule 11, Federal Rules of Civil Procedure, in the filing of a Federal Complaint.

NOW, THEREFORE, It is—

ORDERED:

1. That the Plaintiff's Motion to Continue the Hearing on the State of Minnesota's Motion to Dismiss [Docket No. 7] is DENIED, as moot.

2. That the Plaintiff's Motion to Continue Pretrial Conference [Docket No. 13] is DENIED, as moot.

AND, It is—

RECOMMENDED:

1. That the Plaintiff's informal Motion to voluntarily dismiss his claims against the State of Minnesota, pursuant to Rule 41(a)(2), Federal Rules of Civil Procedure, be granted.

2. That the State of Minnesota's Motion to Dismiss [Docket No. 2] be denied, as moot.

3. That the State of Minnesota's informal Motion for an Award of Costs and Disbursements be denied, but that the Plaintiff be ordered to pay the State's reasonable costs and expenses, that were incurred in the presentation of its Motion to Dismiss, should the Plaintiff recommence his claim against the State, in a Federal Court.

## NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR 1.1(f), and D. Minn. LR 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than August 28, 1997,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting par-

ty's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than August 28, 1997,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. § 636 to review the transcript in order to resolve all of the objections made.