# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 99-3875

_____

Jeffrey Vanover,                              *
                                              *
            Appellant,                        *
                                              *    Appeal from the United States
    v.                                        *    District Court for the
                                              *    Eastern District of Missouri.
Deborah   Bohnert,   Anthony                  *
Vanover,                                      *         [UNPUBLISHED]
                                              *
            Appellees.                        *


_____

Submitted: April 11, 2001
Filed: April 18, 2001

_____

Before McMILLIAN, LOKEN, and HANSEN, Circuit Judges.

_____

PER CURIAM.


    Jeffrey Vanover appeals the district court's[1] denial of his request to withdraw his voluntary dismissal.  We affirm.

_____

    [1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

On May 29, 1998, Jeffrey Vanover filed a wrongful death suit in state court against his sister, Deborah Bohnert, seeking damages for the death of his (and Bohnert's) mother. The suit alleged that Bohnert negligently and carelessly drove her car into flood waters which resulted in their mother's death by drowning. On February 25, 1999, Jeffrey Vanover filed a notice with the state court by which he voluntarily dismissed the wrongful death suit without prejudice. Thereafter, on March 8, 1999, Jeffrey Vanover filed the same wrongful death action against Bohnert and also against his brother, Anthony Vanover, in the United States District Court for the Eastern District of Missouri. Bohnert filed a motion to dismiss for lack of complete diversity. Before the court ruled on the motion, Jeffrey Vanover filed a notice entitled "Dismissal Without Prejudice." The district court confirmed the voluntary dismissal four days later by writing "So Ordered" on the dismissal notice.

On March 29, 1999, Jeffrey Vanover returned to state court, filing a third wrongful death action based on the same facts. Bohnert filed a motion to dismiss the state court action, contending that Vanover's voluntary dismissal of the federal suit was a second notice of dismissal, which operates as an adjudication on the merits, thus barring the subsequent suit in state court. Vanover then returned to federal court and filed a "Request to Withdraw Dismissal," arguing that he never intended his voluntary dismissal to operate as an adjudication on the merits. The district court denied the request, and Vanover appeals.

At any time before an adverse party serves an answer or a summary judgment motion, a plaintiff may voluntarily dismiss an action without order of the court by filing a notice of dismissal. Fed. R. Civ. P. 41(a)(1). "In ordinary civil cases, a notice of dismissal that complies with the rule operates as a matter of right upon notice to the court, and permission of the court is not required." Williams v. Clarke, 82 F.3d 270, 272 (8th Cir. 1996). A voluntary dismissal pursuant to this rule is a dismissal without prejudice unless the plaintiff has previously dismissed an action based on the same claim in any other court. Fed. R. Civ. P. 41(a)(1). The effect of a voluntary dismissal

2

pursuant to Rule 41(a) is "to render the proceedings a nullity and leave the parties as if the action had never been brought." Williams, 82 F.3d at 273 (internal quotations omitted). "The jurisdictional effect of such a voluntary dismissal deprives the court of any power to adjudicate the withdrawn claim." Smith v. Dowden, 47 F.3d 940, 943 (8th Cir. 1995); see Safeguard Bus. Sys., Inc. v. Hoeffel, 907 F.2d 861, 864 (8th Cir. 1990) (holding district court orders filed after a voluntary dismissal are void for want of jurisdiction).

There is no question that the plaintiff had previously dismissed an action in state court based upon the same claim and that no answer or motion for summary judgment had been filed in this case prior to the voluntary dismissal at issue here, which dismissal "operates as an adjudication upon the merits." Fed. R. Civ. P. 41(a)(1). We of course leave to the state court the determination of the effect of such a merits adjudication upon the case which pends before it. In these circumstances, the notice of dismissal in this federal case rendered the proceedings a nullity without any action of the court, leaving the parties as if the action had never been brought and depriving the district court of any further jurisdiction on the matter. Because the notice of dismissal rendered the proceedings a nullity, the district court had no jurisdiction to consider Vanover's "Request to Withdraw Dismissal," and we consider its denial of the "Request to Withdraw Dismissal" to have been done for that reason.

Accordingly, we affirm the district court's order.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

3