# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3810

_____

Doreen Kirkendoll,                  *
                                    *
                    Appellant,      *
                                    *
        v.                          *   Appeal from the United States
                                    *   District Court for the Western
Margaret Bruemmer, Trustee of the   *   District of Missouri.
Allis-Chalmers Product Liability    *
Trust; John T. Grigsby, Trustee of  *        [PUBLISHED]
the Allis-Chalmers Reorganization   *
Trust,                              *
                                    *
                    Appellees.      *

_____

Submitted:   April 15, 2002

Filed:   April 23, 2002

_____

Before HANSEN, Chief Judge, McMILLIAN, and FAGG, Circuit Judges.

_____

PER CURIAM.

Doreen Kirkendoll appeals the district court's[*] dismissal of the wrongful death claim she filed against the trustees of the Allis-Chalmers Product Liability Trust.

_____

[*]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

Kirkendoll initially filed the wrongful death claim in March 1999. On June 3, 1999, Kirkendoll filed a voluntary dismissal without prejudice, and the dismissal took effect on that date. Safeguard Bus. Sys., Inc. v. Hoeffel, 907 F.2d 861, 863 (8th Cir. 1990).

The wrongful death claim was subject to a one-year statute of limitations for refiling. Mo. Rev. Stat. § 537.100 (2000). Kirkendoll refiled her claim more than one year after the voluntary dismissal was entered, but less than a year after the court recognized the voluntary dismissal. Contrary to Kirkendoll's view, the district court's later order formalizing the voluntary dismissal does not alter the measuring date for the statue of limitations. See Safeguard, 907 F.2d at 863. Having reviewed the parties' briefs and the record de novo, Trimble v. Asarco, Inc., 232 F.3d 946, 960 (8th Cir. 2000), we conclude the district court properly held Kirkendoll's refiled claim was time-barred.

Kirkendoll also argues the statute of limitations was tolled by the defendant's absence from Missouri. We decline to reach this claim because it was not raised in the district court. Terry B. v. Gilkey, 229 F.3d 680, 682 (8th Cir. 2000). Missouri caselaw suggests our outcome would not differ even if we did consider this claim on its merits, however. See, e.g., Dupree v. Zenith Goldline Pharm., Inc., 63 S.W.3d 220, 221-22 (Mo. 2002).

We thus affirm the judgment of the district court. See 8th Cir. R. 47(B).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.