**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-6298**

_____

MARCUS ANTONIO SATTERFIELD,

        Plaintiff - Appellant,

    v.

TIMOTHY VAUGHN,

        Defendant - Appellee.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:22-cv-00996-WO-JLW)

_____

Submitted:  July 30, 2024                           Decided:  August 2, 2024

_____

Before NIEMEYER, AGEE, and HEYTENS, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Marcus Antonio Satterfield, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Antonio Satterfield seeks to appeal the district court's order accepting the magistrate judge's recommendation and dismissing without prejudice Satterfield's civil action following Satterfield's filing of a document that the district court construed as a motion to dismiss the action. We dismiss the appeal.

Defendant did not file an answer or a motion for summary judgment prior to the filing of Satterfield's request for dismissal. Accordingly, the district court should have construed Satterfield's filing as a Fed. R. Civ. P. 41(a)(1)(A)(i) notice of voluntary dismissal. *See Williams v. Ezell*, 531 F.2d 1261, 1263 (5th Cir. 1976) (noting request for voluntary dismissal filed within the limits of Rule 41(a)(1)(A)(i) should be construed as a notice of dismissal under that rule, regardless of how it is styled), *abrogated in part on other grounds by Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 394-98 (1990). Because a voluntary dismissal is effective upon the filing of the notice with the clerk of the district court, the action terminated when Satterfield filed his notice. *See In re Matthews*, 395 F.3d 477, 480 (4th Cir. 2005). At that point, the district court was divested of jurisdiction. *See id.* The district court therefore was without authority to enter the order Satterfield seeks to appeal, and that order is void. *See Safeguard Bus. Sys., Inc. v. Hoeffel*, 907 F.2d 861, 864 (8th Cir. 1990). The order being void, the voluntary dismissal remains effective as of the date the notice of dismissal was filed in the district court.[*]

---

[*] If Satterfield nonetheless desires to pursue his voluntarily dismissed claims, he may initiate a new action by refiling his complaint. *See* Fed. R. Civ. P. 41(a)(1)(B).

We therefore dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately addressed in the materials before the court and argument would not aid the decisional process.

*DISMISSED*