2003 WY 117

**Judy E. PETERS, Appellant (Plaintiff),**

v.

**WEST PARK HOSPITAL; Karen Beemer, Director of Radiology Services at West Park Hospital; and West Park Hospital Radiology Technician John Doe, Appellees (Defendants).**

No. 02–273.

Supreme Court of Wyoming.

Sept. 17, 2003.

Representing Appellant: Douglas McCalla, Roy A. Jacobson, Jr. and Larissa A. Ferullo of Spence, Moriarity & Shockey, LLC, Jackson, Wyoming.

Representing Appellees: William P. Schwartz of Ranck & Schwartz, Jackson, Wyoming.

Before HILL, C.J., and GOLDEN and VOIGT, JJ., and JAMES, D.J. and BROOKS, D.J.

BROOKS, District Judge.

[¶ 1]   This is a medical negligence action brought by the appellant, Judy Peters (Peters), against the appellees, West Park Hospital and two employees of the hospital (the Hospital).   Pursuant to W.R.C.P. 41(a)(1), Ms. Peters sought to voluntarily dismiss her case without prejudice.   The district court, upon the Hospital's motion, instead dismissed the matter with prejudice on the grounds that the limitations period in the Wyoming Governmental Claims Act had not and could never be complied with.

[¶ 2]   We hold that under the circumstances presented here, the district court could not dismiss Ms. Peters' case with prejudice, and, therefore, we must reverse.

### ISSUE

[¶ 3]   Does the filing of a voluntary dismissal without prejudice pursuant to W.R.C.P. 41(a)(1) preclude the district court from dismissing the case with prejudice?

### FACTS

[¶ 4]   Ms. Peters' complaint alleges that on August 18, 2000, she was admitted to West Park Hospital in Cody for hip replacement surgery and follow-up care.   Ms. Peters contends that on August 25, 2000, while in the radiology department of the Hospital, a radiology technician improperly manipulated and handled Ms. Peters, thereby causing a broken left leg.

[¶ 5]   The complaint was filed on August 21, 2002.   The Hospital filed a Motion to Dismiss on September 19, 2002.   The Hospital alleged in their motion that Ms. Peters had failed to comply with Wyo. Stat. Ann § 1–39–113 (LexisNexis 2003).   That provision requires that prior to suit being filed against a governmental entity, a statutorily-proper written notice of claim must first be

submitted to the governmental entity. Compliance with the claim process must also be pled in the complaint against the entity.

[¶ 6] We have previously held that the district court has no subject-matter jurisdiction where the complaint against a governmental entity fails to allege that the claim process had been followed. *Dee v. Laramie County*, 666 P.2d 957, 958–59 (Wyo.1983). In apparent acknowledgment that the Hospital was a governmental entity and that no notice of claim had been filed as required, Ms. Peters filed a Notice of Dismissal Without Prejudice pursuant to W.R.C.P. 41(a)(1) on October 21, 2002. The Hospital then filed a Reply Memorandum in Support of Motion to Dismiss Complaint And Objection to Notice of Dismissal Without Prejudice. It was the Hospital's position that the complaint should be dismissed with prejudice since the limitation period in the Wyoming Governmental Claims Act could never be complied with.

[¶ 7] The district court agreed with the Hospital and dismissed Ms. Peters' complaint with prejudice on October 23, 2002. Ms. Peters then filed a Rule 59(e) Motion to Alter or Amend the Court's Order of Dismissal With Prejudice. The district court denied Ms. Peters' motion.

### STANDARD OF REVIEW

[¶ 8] This appeal centers on an interpretation of W.R.C.P. 41(a)(1) (Rule 41(a)(1)). Questions of law are reviewed by this Court *de novo*. *Jessen v. Jessen*, 2002 WY 33, ¶ 7, 41 P.3d 543, 545–46 (Wyo.2002); *In re DCP*, 2001 WY 77, ¶ 7, 30 P.3d 29, 30 (Wyo.2001).

### DISCUSSION

[¶ 9] At the heart of this appeal is the effect of filing a Rule 41(a)(1) motion. Rule 41(a)(1) provides, in pertinent part:

(a) *Voluntary dismissal; effect thereof.—*

(1) By Plaintiff ... (i) by filing a notice of dismissal at any time **before service by the adverse party of an answer or of a motion for summary judgment** ....

(Emphasis added.)

[¶ 10] This is a matter of first impression before this Court. However, numerous other jurisdictions have considered the application of Rule 41(a)(1). We have previously acknowledged that since the Wyoming Rules of Civil Procedure are patterned after the Federal Rules of Civil Procedure, federal court interpretations of their rules are highly persuasive in our interpretation of the corresponding Wyoming rules. *Glover v. Giraldo*, 824 P.2d 552, 556 (Wyo.1992); *Farrell v. Hursh Agency, Inc.*, 713 P.2d 1174, 1178 n. 4 (Wyo.1986).

[¶ 11] The federal courts that have discussed Rule 41(a)(1) almost uniformly enforce the rule as written. For example, in *Marex Titanic, Inc. v. Wrecked and Abandoned Vessel*, 2 F.3d 544, 545 (4th Cir.1993), the district court denied the plaintiff's Rule 41(a)(1) motion for voluntary dismissal and allowed an intervener to file a claim. The Fourth Circuit Court of Appeals reversed, holding:

If the plaintiff files a notice of dismissal before the adverse party serves it with "an answer or a motion for summary judgment," the dismissal is available as a matter of unconditional right ... and is self executing....

*Id.* at 546.

[¶ 12] In *American Soccer Co., Inc. v. Score First Enterprises, a Div. of Kevlar Industries*, 187 F.3d 1108, 1109 (9th Cir. 1999), the plaintiff filed a Rule 41(a)(1) motion before an answer or motion for summary judgment had been served. The defendant then filed a motion to vacate the voluntary dismissal, and the district court thereafter dismissed the case with prejudice. *Id.* The Ninth Circuit Court of Appeals again reversed and found that Rule 41(a)(1)

confers on the plaintiff

"an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment...."

*Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir.1997)....

This "absolute right" for a plaintiff voluntarily to dismiss an action ... leaves no role for the court to play[.]

*American Soccer Co., Inc.*, 187 F.3d at 1110.

[¶ 13] Numerous other federal court decisions have reached the same conclusion.

*See, for example, Wilson v. City of San Jose,* 111 F.3d 688, 692 (9th Cir.1997); *Williams v. Clarke,* 82 F.3d 270, 272 (8th Cir.1996); *Aamot v. Kassel,* 1 F.3d 441, 443–45 (6th Cir.1993); *Pedrina v. Chun,* 987 F.2d 608, 609–10 (9th Cir.1993); *Safeguard Business Systems, Inc. v. Hoeffel,* 907 F.2d 861, 863–64 (8th Cir.1990); *Matthews v. Gaither,* 902 F.2d 877, 879–80 (11th Cir.1990); *Aero–Colours, Inc. v. Propst,* 833 F.2d 51, 52 (5th Cir.1987); and *Manze v. State Farm Ins. Co.,* 817 F.2d 1062, 1065–66 (3rd Cir.1987).

[¶ 14] This Court is aware of only one narrow judicially-created exception to the general rule. In *Harvey Aluminum, Inc. v. American Cyanamid Co.,* 203 F.2d 105, 107 (2nd Cir.), *cert. denied,* 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383 (1953), the district court held a hearing on a preliminary injunction which lasted several days and during which the merits of the case were raised. The district court entered a decision on the merits before the voluntary dismissal was filed, and, therefore, in the context of that case, the Second Circuit Court of Appeals held that the purpose of the rule would not be served. *Id.* at 108. In virtually all other reported cases, the courts have upheld plaintiffs' right to a voluntary dismissal without prejudice prior to the filing of an answer or summary judgment by the defendants.

[¶ 15] In the case now before this Court, the Hospital contends that the district court properly dismissed the action with prejudice. It is the Hospital's assertion that under the two year limitation period set forth in the Wyoming Governmental Claims Act, Ms. Peters could never file a timely claim, and, therefore, the district court had the inherent power to dismiss Ms. Peters' claim with prejudice.[1] In response, Ms. Peters argues that the dismissal with prejudice prevented her from developing facts that would lengthen the limitation period under the "continuing course of treatment doctrine."[2] There is no question that by dismissing the action with prejudice, Ms. Peters was foreclosed from pleading and proving facts that potentially could extend the limitation period.

### CONCLUSION

█ [¶ 16] Rule 41(a)(1) is straightforward. The language of the rule leaves little room for judicial interpretation. In ordinary civil cases, a notice of dismissal that complies with the rule ends the proceedings. The dismissal is effective immediately and no court order is required. *Wilson,* 111 F.3d at 692; *Williams,* 82 F.3d at 272; *Hamilton v. Shearson–Lehman American Exp., Inc.,* 813 F.2d 1532, 1534–35 (9th Cir.1987).

█ [¶ 17] Rule 41(a)(1) is designed to designate a time frame within which the resources of the court and the defendant have yet to be committed so that dismissal without consequence is appropriate. That time frame

---

1. Wyo. Stat. Ann § 1–39–113 provides, in pertinent part:

   (a) No action shall be brought under this act against a governmental entity unless the claim upon which the action is based is presented to the entity as an itemized statement in writing within two (2) years of the date of the alleged act, error or omission, except that a cause of action may be instituted not more than two (2) years after discovery of the alleged act, error or omission, if the claimant can establish that the alleged act, error or omission was:
   (i) Not reasonably discoverable within a two (2) year period; or
   (ii) The claimant failed to discover the alleged act, error or omission within the two (2) year period despite the exercise of due diligence.

   Wyo. Stat. Ann. § 1–3–107 (LexisNexis 2003), pertaining to limitation of actions in rendering health care services, provides, in pertinent part:
   (a) A cause of action arising from an act, error or omission in the rendering of licensed or certified professional or health care services shall be brought within the greater of the following times:
   (i) Within two (2) years of the date of the alleged act, error or omission, except that a cause of action may be instituted not more than two (2) years after discovery of the alleged act, error or omission, if the claimant can establish that the alleged act, error or omission was:
   (A) Not reasonably discoverable within a two (2) year period; or
   (B) The claimant failed to discover the alleged act, error or omission within the two (2) year period despite the exercise of due diligence.

2. In *Metzger v. Kalke,* 709 P.2d 414, 417 (Wyo. 1985), we held that "the act, error or omission which starts the running of the statute of limitations against medical malpractice actions is the termination of the course of treatment for the same or related illnesses or injuries."

ends when either an answer or motion for summary judgment has been filed and served. *Safeguard Business Systems, Inc.*, 907 F.2d at 863.

Rule 41(a)(1) is "designed to permit a disengagement of the parties at the behest of the plaintiff ... in the early stages of the suit, before the defendant has expended time and effort in the preparation of his case."

*Pedrina*, 987 F.2d at 610 (*quoting Armstrong v. Frostie Co.*, 453 F.2d 914, 916 (4th Cir. 1971)).

[¶ 18]   In this matter, a Rule 41(a)(1) motion was properly filed by Ms. Peters. It is undisputed that no answer or motion for summary judgment was ever filed by the Hospital.

[¶ 19]   Given that the Rule 41(a)(1) motion was properly filed by Ms. Peters, the case was therefore rendered a nullity, as if the suit had never been filed. *Williams*, 82 F.3d at 273. The district court's role in the case was thus ended. This was a matter of right belonging to Ms. Peters, conferred by the Wyoming Rules of Civil Procedure, and which cannot be undone by the court. *American Soccer Co., Inc.*, 187 F.3d at 1110.

[¶ 20]   In light of the plain language of W.R.C.P. 41(a)(1), the decision of the district court is reversed and remanded, and the above matter shall be deemed dismissed without prejudice as of October 21, 2002, the date on which Ms. Peters' motion for voluntary dismissal was filed.