2004 WY 24

Randy EKLUND, Appellant (Plaintiff),

v.

**FARMERS INSURANCE EXCHANGE,**
Appellee (Defendant in
Intervention).

Farmers Insurance Exchange, Appellant
(Defendant in Intervention),

v.

Randy Eklund, Appellee (Plaintiff).

Nos. 02–278, 02–279.

Supreme Court of Wyoming.

March 17, 2004.

Representing Appellant Eklund: Les Bowron and Frank R. Chapman of Beech Street Law Office, Casper, WY. Argument by Mr. Bowron.

Representing Appellee Farmers Ins. Exch.: James D. Bramer and Blair J. Trautwein of Wick, Campbell, Bramer, Ukasick & Trautwein, LLC, Fort Collins, CO. Argument by Mr. Trautwein.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

LEHMAN, Justice.

[¶ 1] Farmers Insurance Exchange (Farmers), which is potentially liable to Randy Eklund (Eklund) under an underinsured motorist insurance policy, appeals the district court's denial of its motion for trial setting. The district court denied the motion finding that the issue of damages was res judicata due to a prior settlement between Eklund and the tortfeasor, Terry Tebben (Tebben), of which Farmers was aware. In the same order denying trial setting, the district court also determined that *Gainsco Ins. Co. v. Amoco Prod. Co.*, 2002 WY 122, 53 P.3d 1051 (Wyo.2002) applied and ordered that Farmers could only be held liable for its policy limits based on its determination that the

settlement between Eklund and Tebben was objectively unreasonable. Eklund challenges this determination. We reverse.

## ISSUES

[¶ 2] Farmers advances the following issue on appeal:

Did the trial court err in denying defendant Farmers Insurance Exchange's motion for a trial setting and in finding against Farmers on its underinsured motorist coverage for policy limits?

Eklund appeals the following issues:

1. The District Court erred as a matter of law by applying *Gainsco Ins. Co. v. Amoco Prod. Co.*, 2002 WY 122, 53 P.3d 1051 (Wyo.2002) to the facts of this personal injury case.

2. The District Court committed clear error when it purported to make findings of fact concerning the settlement, "policy limits," and the reasonableness of the settlement. This error may be reversed under the *de novo* standard of review.

## FACTS

[¶ 3] This cases arises out of the same accident that was the subject of suit in *Eklund v. PRI Envtl., Inc.*, 2001 WY 55, 25 P.3d 511 (Wyo.2001). That case thoroughly set forth the facts relating to the accident and the circumstances surrounding it, and we need not repeat those facts in their entirety. Instead, we will relate several of those foundational facts so as to put this case in context and disclose additional facts pertinent to the instant case. *See PRI Environmental,* ¶¶ 3–9.

[¶ 4] Tebben was employed by PRI Environmental, Inc (PRI). On several occasions he was required to purchase parts in Casper, Wyoming and deliver them to PRI's worksite. At the close of the workday on Friday, October 21, 1994, Tebben picked up a list of parts needed the following Monday. Tebben was instructed to purchase the parts on Monday morning before reporting back to work. After picking up the list, Tebben left for his home in Casper. Traveling ahead of Tebben on a dirt road were fellow PRI employees,

# 261

Eklund and Warren Ash (Ash) in Ash's vehicle. At some point, Ash stopped on the road apparently to determine whether Tebben would take a shortcut or continue along the road. Tebben collided with the Ash vehicle causing physical injury to all three.

[¶ 5] Eklund filed an action against Tebben and PRI. Eklund claimed Tebben was negligent in driving his vehicle and that PRI was liable for his damages under the theory of respondeat superior. Farmers, which provided the underinsured motorist coverage on Ash's automobile, intervened as a defendant in the action on June 30, 1999. Farmers claimed that if Eklund were unable to fully recover his damages from Tebben and PRI, Farmers was potentially responsible to pay damages. Farmers participated at the pretrial conference and filed a pretrial conference memorandum as an additional defendant. In a later filed stipulation, the parties agreed that Farmers would not be identified as a party defendant to the jury and not appear at trial in front of the jury, but would be allowed to interact with both attorneys and the court outside the presence of the jury.

[¶ 6] PRI filed a motion for summary judgment. PRI claimed that Tebben was on his way home at the time of the accident, so no genuine issue of material fact existed concerning whether Tebben was acting in the scope of his employment at the time of the accident. On November 23, 1999, the district court granted PRI's motion on the basis that, at the time of the accident, Tebben was simply leaving the jobsite after work and did not have to return with the parts until Monday morning. Therefore, the court concluded that the only reasonable inference that could be drawn from the facts was that Tebben was not acting in the scope of his employment when the accident happened. *See PRI Environmental,* ¶¶ 3–9.

[¶ 7] The remaining parties were set for trial on December 6, 1999; but, on the day that trial was to begin, Eklund and Tebben agreed to a settlement. This settlement included a stipulated judgment against Tebben for the sum of seven hundred fifty thousand dollars. In relevant part, the settlement was explained to the court as follows:

MR. BOWRON: ... The parties Eklund and Tebben have arrived at a settlement of this matter which involves the following terms and conditions:

Mr. Tebben will allow judgment to be taken against him in favor of Mr. Eklund for the sum of $750,000.

The judgment by this agreement—and we'll have a stipulation prepared and entered into between the parties—will set forth that Mr. Eklund, in exchange for that judgment for the sum of $750,000, Mr. Eklund covenants not to execute against Mr. Tebben personally in terms of his personal assets, and that includes that Mr. Tebben will not provide Mr. Eklund with an assignment of any claim or claims that he may have against his own insurance company, Mountain West Farm Bureau.

Mr. Eklund preserves and reserves his right to appeal the Court's granting of summary judgment in favor of PRI on the issue of whether or not Mr. Tebben was within the scope of his employment at the time of the accident, and that issue necessarily incorporates the concept that PRI, by virtue of the doctrine of respondeat superior, is liable for Mr. Eklund's injuries as the employer of Terry Tebben.

And if Mr. Bramer wants to make a record of it, he may. But I believe that although they are an observer to this case, this agreement does not do anything to inhibit Farmers Insurance Exchange from also appealing, as a party defendant, the Court's granting of summary judgment in favor of PRI Environmental, Inc., as Mr. Tebben's employer.

. . .

If I have left anything out or if either of the attorneys wish to add anything, I should mention that Mr. Bramer, who represents Farmers Insurance Exchange, and I have discussed the underinsured motorist provisions to which Mr. Eklund is a party beneficiary, and that the rights under that policy of insurance remain.

The parties are free to agree or disagree as to the amount of damages, and they may or may not agree to arbitrate any claim Mr. Eklund may have or does have

against Farmers Insurance Exchange. And I believe that's all I have.

MR. BRAMER: This is James Bramer appearing on behalf of Farmers Insurance Exchange. As Mr. Bowron has stated, I would just restate that Farmers Insurance Exchange reserves all rights to appeals related to pre-jury issues, and also reserves all contract rights that may come from an insurance policy written to Mr. Warren Ash for which the plaintiff Randy Eklund has beneficiary rights as an additional insurer. That's all I have.

. . .

MR. BRAMER: I should also add one more point on behalf of Farmers Insurance Exchange: It's to be clear that this agreement did not have the participation of Farmers Insurance Exchange. It is an agreement between the plaintiff, Randy Eklund, and the defendant, Terry Tebben, only.

MR. BOWRON: And I have to make sure that I make it clear, however, that Mr. Bramer, on behalf of Farmers Insurance Exchange, was informed of and advised of the contents of this settlement at all times, well prior to this agreement being put on record.

[¶ 8] At that point, court adjourned and no trial took place. Thereafter, the various parties appealed the summary judgment granted to PRI, and this court affirmed that summary judgment. See *PRI Environmental,* ¶¶ 22–23. Having previously never done so, on June 6, 2002, Eklund filed a motion for entry of judgment against Tebben in accordance with the stipulated agreement. On June 28, 2002, Farmers filed a motion for trial setting. Following these motions, but before the court ruled on these motions, on October 7, 2002, Eklund filed a separate action against Farmers in the Eighth Judicial District of Wyoming. In this action Eklund sought a declaratory judgment that Farmers waived its right to a jury trial on the issue of Eklund's damages and is estopped from seeking re-litigation of all issues related to those damages. Eklund additionally sought damages for alleged bad faith, policy benefits, and attorney fees pursuant to Wyo. Stat. Ann. § 26-15-124.

[¶ 9] On November 5, 2002, the trial court denied Farmers' motion for trial setting and entered an order against Farmers. The district court found that the doctrine of res judicata barred Farmers from disputing damages. In its order the district court found "Farmers had an opportunity to present their claim to a jury. Farmers chose to forgo its right to a jury determination of damages when it failed to prosecute its case in front of a jury when it had the opportunity to do so." The order also stated that in light of *Gainsco Ins. Co. v. Amoco Prod. Co.,* 2002 WY 122, 53 P.3d 1051 (Wyo.2002), the amount of the settlement between Eklund and Tebben was objectively unreasonable and therefore found that Farmers could only be held liable for its policy limits. Eklund then filed a motion to amend the order considering the district court's reference to the *Gainsco* case. This motion was denied, and these appeals followed.

## STANDARD OF REVIEW

[¶ 10] The issues asserted by the parties present questions of law. We review questions of law de novo. We accord no deference to the district court concerning questions of law and are not bound by the district court's determinations concerning legal issues. *Aztec Gas & Oil Corp. v. Roemer Oil Co.,* 948 P.2d 902, 903 (Wyo.1997); *see also State Farm Mut. Auto. Ins. Co. v. Shrader,* 882 P.2d 813, 820 (Wyo.1994).

## DISCUSSION

[¶ 11] We begin with the issue of whether Farmers is precluded from litigating the issue of damages. Farmers asserts that the district court erred when it found the doctrine of res judicata applied to prevent Farmers from seeking a determination of its obligation to Eklund. Eklund claims that the district court did not err, but should this court find that the doctrine of res judicata does not apply, the doctrines of waiver and estoppel by acquiescence also apply. Thus, Eklund argues that the district court's denial of Farmers' motion for trial setting should be upheld. We disagree that any of these doctrines apply to the case at hand and reverse.

[¶ 12] Farmers intervened in this action as a defendant. As such, Farmers became a party to the litigation with the same rights and responsibilities of an original party to the litigation. In its answer to the underlying complaint, Farmers asserted several affirmative defenses including the operation of the insurance policy at issue, comparative fault on behalf of the plaintiff, pre-existing injuries and/or conditions, assumption of risk, and the failure to mitigate damages. Farmers claims that while it clearly asserted these affirmative defenses, such issues were never litigated and resolved and that Farmers continues to have an interest in litigating the claim. We agree. Farmers was never dismissed as a defendant in intervention and did not participate in the settlement between Eklund and Tebben. Hence, Farmers has a right to have its obligation, if any, to Eklund determined.

[¶ 13] As we have stated numerous times "[r]es judicata bars the relitigation of previously litigated claims or causes of action. *Slavens v. Board of County Commissioners*, 854 P.2d 683, 686 (Wyo.1993)." *Polo Ranch Co. v. City of Cheyenne*, 2003 WY 15, ¶ 12, 61 P.3d 1255, ¶ 12 (Wyo.2003) (quoting *PRI Environmental*, ¶ 15). The four factors used to determine whether res judicata applies are 1) identity in parties; 2) identity in subject matter; 3) the issues are the same and relate to the subject matter; and 4) the capacities of the persons are identical in reference to both the subject matter and the issues between them. *Id.* Res judicata generally prevents parties from presenting the same claim in subsequent actions once that claim has been adjudicated. *PRI Environmental*, ¶ 18. "A policy reason for res judicata is that each litigant shall be limited to one opportunity to try his case on the merits." *Goglio v. Star Valley Ranch Ass'n*, 2002 WY 94, ¶ 14, 48 P.3d 1072, ¶ 14 (Wyo.2002). Additionally, res judicata encourages resolution of the plaintiff's claims in a single action. *PRI Environmental*, at ¶ 19. It is worth noting that this case does not present a subsequent lawsuit; it is in fact the same lawsuit.

[¶ 14] Farmers claims that the issue of damages was never litigated and therefore there is not relitigation. Eklund counters that consent judgments are the equivalent of a litigated claim. We have said that we consider consent judgments and dismissals with prejudice to be the equivalent of a judgment on the merits for the purposes of res judicata. *PRI Environmental*, ¶ 17. One reason for doing so is to force parties to abide by their agreements. *PRI Environmental*, ¶ 19.

[¶ 15] Nevertheless, the settlement presented by this case is not an agreement between Eklund and Farmers. Instead, the settlement was between Eklund and Tebben. While Farmers had knowledge of the settlement, it was not a party to the settlement and did not consent to the settlement in that sense. Due to the nature of underinsured motorist coverage, Farmers' liability does depend to some extent on Tebben's liability. It therefore may appear that Farmers is bound by the amount of judgment against Tebben whether that amount is determined by settlement or jury trial. However, in this instance, Farmers intervened to protect its interests and prevent this very result. In doing so, Farmers became a party with its own interest in a jury determination of damages. Farmers' intervention made it clear that Farmers had no intent to be bound by any settlement between Eklund and Tebben if it was not a party to such settlement.

[¶ 16] Eklund argues that Farmers allowed the settlement to take place, thus Farmers consented to it. Farmers was not in a position to prevent a settlement between Eklund and Tebben. Having no control over Eklund and Tebben, but having intervened as a party, Farmers' course of action was to prevent being bound to that settlement by making it clear that Farmers was not a party to the settlement and did not consent to it. Looking to the recitation of the settlement agreement, we can see that this is precisely what Farmers did. For instance, we see:

> If I have left anything out or if either of the attorneys wish to add anything, I should mention that Mr. Bramer, who represents Farmers Insurance Exchange, and I have discussed the underinsured motorist provisions to which Mr. Eklund is a party

beneficiary, and that the rights under that policy of insurance remain.

The parties are free to agree or disagree as to the amount of damages, and they may or may not agree to arbitrate any claim Mr. Eklund may have or does have against Farmers Insurance Exchange. And I believe that's all I have.

MR. BRAMER: This is James Bramer appearing on behalf of Farmers Insurance Exchange. As Mr. Bowron has stated, I would just restate that Farmers Insurance Exchange reserves all rights to appeals related to pre-jury issues, and also reserves all contract rights that may come from an insurance policy written to Mr. Warren Ash for which the plaintiff Randy Eklund has beneficiary rights as an additional insurer. That's all I have.

. . .

MR. BRAMER: I should also add one more point on behalf of Farmers Insurance Exchange: It's to be clear that this agreement did not have the participation of Farmers Insurance Exchange. It is an agreement between the plaintiff, Randy Eklund, and the defendant, Terry Tebben, only.

[¶ 17] These excerpts show that Farmers clearly had the impression that it was not bound by the settlement. They also show that the agreement did not dispose of all the claims. In fact, the passages show that some later contestation was specifically contemplated because "the parties [were] free to agree or disagree as to the amount of damages." It would be patently unfair to bind a party to a settlement to which it did not participate and clearly thought it had reserved its right not to be bound to. If the recitation of the agreement shows anything besides the settlement terms between Eklund and Tebben, it is that at the time of settlement both Eklund and Farmers reserved all rights with respect to each other including the right to determine damages and Farmers' liability under the underinsured motorist policy.

[¶ 18] Furthermore, it is important to note that Farmers intervened and became a party. Generally, a determination of the liability of one party in multiparty litigation is not a determination of liability to all parties. *See Local Number 93, Int'l Ass'n of Firefighters, AFL–CIO C.L.C. v. Cleveland,* 478 U.S. 501, 529, 106 S.Ct. 3063, 3079, 92 L.Ed.2d 405 (1986). *See also* W.R.C.P. 54(b) and *Hoback Ranches, Inc. v. Urroz,* 622 P.2d 948, 949 (Wyo.1981). In multiparty litigation, parties who choose to resolve the matter by settling cannot affect the rights of those who were dissenting parties. The settling parties may not dispose of the third party's claim without that party's agreement. *See Firefighters,* 478 U.S. at 529, 106 S.Ct. at 3079. Farmers intervened early to protect its rights stating that under *American Family Ins. Co. v. Bowen,* 959 P.2d 1199 (Wyo.1998), it was required to do so or risk having its motion declared untimely. Looking to Farmers' answer, we can surmise that it was Farmers' intent to have its obligations under the underinsured motorist policy determined through litigation and to prevent itself from being bound to a settlement to which it was not a party. It would be somewhat contradictory to now say that even though Farmers intervened, a settlement among the other parties, in which Farmers did not participate, will still bind Farmers.

[¶ 19] The district court seemed to recognize the problem that damages between Eklund and Farmers were not actually litigated and, citing *Hamill v. State,* 948 P.2d 1356, 1358–59 (Wyo.1997), stated: "The doctrine of res judicata is not limited to only those issues which were actually decided in an earlier proceeding. Issues which *could* have been raised in an earlier proceeding may also be foreclosed from subsequent consideration." The district court then stated: "Farmers had an opportunity to present their [sic] claim to a jury. Farmers chose to forgo its right to a jury determination of damages when it failed to prosecute its case in front of a jury when it had the opportunity to do so."

[¶ 20] The district court is correct that this is a recognized principle of the doctrine of res judicata. However, the party being barred by res judicata must have truly been given an opportunity to raise that issue in an earlier proceeding. We must, there-

fore, consider the context of Farmers' participation in this litigation. Farmers did not carry the burden of establishing damages. Farmers intervened as a defendant and asserted affirmative defenses to some of the damages claimed by Eklund. The burden of proving the amount of damages was Eklund's. He was the plaintiff in the action and was the party claiming damages. In fact, Eklund technically had no claim against Farmers until we upheld the summary judgment granted to PRI because PRI had a $1,000,000 liability policy that would have covered Eklund's claimed injuries. Had PRI's summary judgment been overturned, a trial between Eklund and Farmers would have been unnecessary.

[¶ 21] In addition, adding a twist to these particular circumstances is the fact that the parties made an agreement concerning Farmers' participation in the trial. This agreement included that Farmers would

cease all further trial preparation efforts, including preparation of witnesses, exhibits and substantive strategy communication with Tebben and/or Tebben's counsel, and will not appear at trial in the capacity of a party at trial in exchange for Plaintiff's agreement not to identify Farmers Insurance Exchange [as a] party defendant to the jury, Plaintiff's agreement not to divulge the existence of any insurance fund available to indemnify Defendant Tebben's actions at trial, and to curtail any insurance reference before the jury as generally proscribed by Rule 411, Wyoming Rules of Evidence.

Consequently, Farmers attended to proceedings on December 6 with the expectation that, for the most part, it would be an observer and that Tebben and his attorney would be presenting the defense. Under these circumstances expecting Farmers to demand a trial at that date would be somewhat unrealistic.

[¶ 22] Furthermore, the principle cited by the district court from *Hamill* is followed by, "Thus, unless Hamill can show good cause why the issue was not raised at an earlier opportunity, or that the interests of justice require consideration of his claim, the court may refuse to consider the issue in a later

proceeding." *Hamill,* at 1359. We have therefore recognized that some circumstances may be argued to prevent the application of this rule. In fact we have noted such exceptions to the doctrine of res judicata because one of the goals of res judicata is to give, rather than deny, justice. *Cermak v. Great West Cas. Co.* 2 P.3d 1047, 1054 (Wyo. 2000). Here, even if Farmers could be considered to have had the opportunity to present its claim, Farmers has a good cause reason for why it did not present its claim earlier. We therefore hold that res judicata does not apply to bar the litigation of the issues between Eklund and Farmers.

[¶ 23] Eklund argues that if res judicata does not apply, then waiver or estoppel by acquiescence applies. We have previously found that if parties acquiesce in the decree of a district court, the decree is res judicata as to them. *In Re Estate of Kokesh,* 360 P.2d 368, 371 (Wyo.1961). When Eklund moved the district court to reduce the settlement to judgment, Farmers responded and asserted that it had reserved all rights and was of the position that it was not bound by that settlement. Prior to that time no judgment on the settlement had been entered. Hence, Farmers did not acquiesce in the judgment. Additionally, waiver is the intentional relinquishment of a known right and must be manifest in some unequivocal manner. *State ex rel. Workers' Safety & Compensation Div. v. Wright,* 983 P.2d 1227, 1231 (Wyo.1999). It is clear from the recitation of the settlement that Farmers clearly believed it had the right to a later determination of damages and tried to preserve that right. Farmers thus did not intentionally relinquish its right to a determination of damages.

[¶ 24] Farmers similarly had no prior opportunity to appeal this issue. A final adjudication of this issue did not occur until November 5, 2002, when the trial court denied Farmers' motion for trial setting and found Farmers liable to Eklund for its policy limits. The only party with a judgment prior to that point was PRI, and at the time of the first appeal the summary judgment granted to PRI was the only appealable issue. We therefore hold that these other preclusion doctrines do not apply to bar Farmers from

litigating the issue of damages. It is clear that Farmers was not a party to the settlement and reserved its right to contest damages at a later date. Accordingly, we find that the district court erred in denying Farmers' motion for trial setting.

[¶ 25] Given that we reverse on the first issue, we need not address Eklund's arguments with respect to whether or not the district court erred in applying *Gainsco* to this case. The parties are entitled to a determination of the issue of damages between them and are not bound by the settlement between Eklund and Tebben. As a result, we need not determine at this time whether or not *Gainsco* applies to this situation or situations similar to this. Whether or not the settlement between Eklund and Tebben was reasonable is not relevant to the issues remaining between Eklund and Farmers.

## CONCLUSION

[¶ 26] We reverse the order of the district court denying Farmers' motion for trial setting and remand the matter to the district court for a trial on the issue of damages.