2006 WY 52

**Barbara RAWLINSON, Appellant (Plaintiff),**

v.

**Gary L. and Judith A. WALLERICH, Appellees (Defendants).**

No. 05–166.

Supreme Court of Wyoming.

April 20, 2006.

See also 2001 WY 6, 17 P.3d 13, and 2003 WY 28, 64 P.3d 120.

complaint to compel arbitration against the Wallerichs. The Wallerichs now assert that they were dismissed from the original action with prejudice and that Ms. Rawlinson's claims are barred by the doctrine of *res judicata*. We find that *res judicata* does not bar Ms. Rawlinson's present action to compel arbitration and, accordingly, we reverse.

### ISSUE

[¶ 2] Whether Ms. Rawlinson's action to compel arbitration is barred by the doctrine of *res judicata*.

### FACTS

[¶ 3] Ms. Rawlinson purchased a house from the Wallerichs in 1994. After purchase of the residence, Ms. Rawlinson noticed water in her crawl space and subsequently discovered that the property flooded every spring. In 1998, Ms. Rawlinson filed suit against the Wallerichs and other named defendants seeking damages for fraud in the inducement, breach of contract, and negligence. The Wallerichs moved to compel binding arbitration in accordance with the terms of the sales contract which provided:

> The parties agree to make a good faith effort to resolve any dispute through mediation, and if mediation is unsuccessful, the dispute shall be resolved through arbitration. ARBITRATION IS BINDING UPON ALL PARTIES AND PRECLUDES OTHER LEGAL ACTION.

(Emphasis in original.) While the motion was pending, the parties sought a voluntary dismissal of the claims against the Wallerichs by filing a stipulation, which stated in pertinent part:

> In support of this Stipulation, the parties hereto represent to the Court that said Defendants Wallerich have filed herein on May 7, 1999, a Motion to Order and Compel Arbitration pursuant to Defendant Wallerichs' December 12, 1994 Contract with Carol Walker, as attorney in fact for Plaintiff Barbara Rawlinson, said Contract subsequently ratified and signed by Barbara Rawlinson on December 23, 1994; and Plaintiffs have indicated in their response to the Court that they do not op-

Representing Appellant: Bernard Q. Phelan, Phelan Law Offices, Cheyenne, Wyoming.

Representing Appellees: Blair J. Trautwein, Wick, Bramer, Ukasick & Trautwein, LLC, Ft. Collins, Colorado.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

BURKE, Justice.

[¶ 1] This appeal involves a dispute that arose from Ms. Rawlinson's purchase of a house from Mr. and Mrs. Wallerich. After the purchase, Ms. Rawlinson discovered water damage to the residence. She initiated litigation against several defendants, including the Wallerichs, in an attempt to recover damages. The Wallerichs moved the court for binding arbitration pursuant to the terms of the sales contract. Before the court ruled on the motion, Ms. Rawlinson and the Wallerichs stipulated to a dismissal of the Wallerichs from the litigation in order to arbitrate their claims. Arbitration never occurred. Several years later, Ms. Rawlinson filed a

pose such Motion, but that the Court has not yet entered an order ruling on such Motion.

THEREFORE, the parties hereto stipulate and agree that Defendants Gary L. Wallerich and Judith A. Wallerich should be dismissed from this action and hereby seek an order of this Court to such effect.

The district court entered an Order of Dismissal of Defendants Gary L. Wallerich and Judith A. Wallerich on April 14, 2000. The order contained language purporting to dismiss the claims against the Wallerichs with prejudice.

[¶ 4] Ms. Rawlinson pursued the litigation against the remaining defendants. That litigation continued for several years—eventually concluding in 2003.[1] After the conclusion of the litigation against the remaining defendants, Ms. Rawlinson filed a motion to compel arbitration in the original action against the Wallerichs. The district court denied the motion based upon the Order of Dismissal previously entered.[2]

[¶ 5] On November 19, 2004, Ms. Rawlinson initiated a new civil action by filing a Complaint for Arbitration against the Wallerichs. In the complaint, Ms. Rawlinson sought an order compelling arbitration pursuant to the parties' sales contract and the dismissal of the Wallerichs from the original litigation in contemplation of arbitration. The Wallerichs responded to the complaint by filing a Motion to Dismiss for Lack of Jurisdiction and *Res Judicata*. Ms. Rawlinson opposed the motion and submitted an affidavit and exhibits in support of her response. That same day, Ms. Rawlinson also filed a motion for summary judgment regarding her claim. The district court granted the Wallerichs' motion to dismiss stating that:

On December 11, 1998, the Plaintiff brought an action, in District Court Docket 152–172, against Gary and Judith Wallerich and others alleging fraud and breach of contract. Shortly thereafter, Defendants filed a *Motion to Compel Arbitration,* but the matter concluded on April 10, 2000 when the parties filed a *Stipulation for Dismissal with Prejudice.*[3]

After the matter was dismissed, in docket 152–172 Plaintiffs filed a *Motion to Compel Arbitration* in 152–172, but this *Motion* was denied because the case had previously been dismissed with prejudice. Now Plaintiff pursues the identical issues in this action but, that matter has previously been decided in 152–172. This case contains the same parties and involves a dispute over [the] same contract. Therefore, in accordance with *Order of Dismissal with Prejudice*[4] and the *Order Denying Plaintiffs' Motion to Compel Arbitration and to Appoint Arbitrator,* both in 152–172, this Court finds that the matter is barred pursuant to res judicata.

This appeal followed.

### STANDARD OF REVIEW

■ [¶ 6] This appeal involves the interpretation and application of W.R.C.P. 41(a)(1). This presents a question of law which we review *de novo. Peters v. West Park Hosp.,* 2003 WY 117, ¶ 8, 76 P.3d 821, 823 (Wyo.2003).

### DISCUSSION

[¶ 7] Ms. Rawlinson contends that it was error for the district court to dismiss her complaint on the basis of *res judicata.* She acknowledges that the order of dismissal en-

---

1. *See, e.g., Rawlinson v. Board of Public Utilities,* 2001 WY 6, 17 P.3d 13 (Wyo.2001); *Rawlinson v. Greer,* 2003 WY 28, 64 P.3d 120 (Wyo.2003).

2. The status of the original action at the time Ms. Rawlinson's motion to compel arbitration was filed is unclear. The Order Granting Motion to Dismiss entered by the district court in the present action suggests that the entire case had been dismissed. Regardless, the Wallerichs were not a party to the original action at the time Ms. Rawlinson filed her motion.

3. The district court erroneously referred to the stipulation as a "Stipulation for Dismissal with Prejudice." The stipulation is entitled "Stipulation for Dismissal of Defendants Gary L. Wallerich and Judith A. Wallerich." The stipulation does not contain any language regarding whether it was a dismissal with or without prejudice.

4. The title of this order was also incorrectly identified by the district court. The correct title is "Order of Dismissal of Defendants Gary L. Wallerich and Judith A. Wallerich."

tered in the previous litigation contained "with prejudice" language, but insists that we must look to the stipulation to ascertain the parties' intent. When this is done, Ms. Rawlinson claims that the sole reason for the dismissal was to permit arbitration of the dispute. Ms. Rawlinson contends that ·the doctrine of *res judicata* is inapplicable to the present action because her claim is now one for arbitration rather than fraud or negligent misrepresentation. She asserts that her claim for arbitration has never been adjudicated on the merits and therefore, *res judicata* does not preclude her present action.

[¶ 8] The doctrine of "res judicata bars the relitigation of previously litigated claims or causes of action." *Eklund v. Farmers Ins. Exchange*, 2004 WY 24, ¶ 13, 86 P.3d 259, 263 (Wyo.2004). "Res judicata generally prevents parties from presenting the same claim in subsequent actions once that claim has been adjudicated." *Id.* "A policy reason for res judicata is that each litigant shall be limited to one opportunity to try his case on the merits." *Goglio v. Star Valley Ranch Ass' n*, 2002 WY 94, ¶ 14, 48 P.3d 1072, 1077 (Wyo.2002).

[¶ 9] The Wallerichs claim that the district court properly dismissed Ms. Rawlinson's complaint on the basis of *res judicata* because the issue of arbitration was sufficiently raised within the original action. They assert that although arbitration never took place, Ms. Rawlinson had a full and fair opportunity to address that issue in the first litigation. Specifically, the Wallerichs point to their motion to compel arbitration filed in the original action. They claim that the issue of arbitration was squarely before the district court and that the motion was deemed denied ninety days after it was filed in accordance with W.R.C.P. 6(c)(2). Because the motion was deemed denied, the matter was adjudicated on the merits. The Wallerichs also claim that the order dismissing them with prejudice is the equivalent of an adjudication on the merits and *res judicata* prevents any further action against them relating to Ms. Rawlinson's claims.

[¶ 10] In order to determine whether Ms. Rawlinson's current action to compel arbitration is barred by *res judicata*,

we must first look at the procedural history of the case. The character of the dismissal is important because a dismissal with prejudice operates as an adjudication on the merits and precludes subsequent action. *See, e.g., Eklund*, ¶ 14 (We have considered "dismissals with prejudice to be the equivalent of a judgment on the merits for purposes of res judicata."). Conversely, a dismissal without prejudice has no preclusive effect. *Peters*, ¶ 19 (voluntary dismissal without prejudice rendered the case "a nullity, as if the suit had never been filed"); *Williams v. Clarke*, 82 F.3d 270, 273 (8th Cir.1996) ("The effect of a voluntary dismissal without prejudice pursuant to Rule 41(a) 'is to render the proceedings a nullity and leave the parties as if the action had never been brought.' "); *Beck v. Caterpillar, Inc.*, 50 F.3d 405, 407 (7th Cir. 1995) ("suit was voluntarily dismissed pursuant to Fed.R.Civ.P. 41(a), and is treated as if it had never been filed").

[¶ 11] In the prior action, Ms. Rawlinson and the Wallerichs stipulated to a voluntary dismissal of the claims against the Wallerichs in accordance with W.R.C.P. 41(a)(1). That rule provides:

(a) *Voluntary dismissal; effect thereof.—*

(1) By Plaintiff; by Stipulation.—Subject to the provisions of Rule 23(c), of Rule 66, and of any statute, an **action may be dismissed by the plaintiff without order of court:** (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs; or (ii) **by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice,** except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court an action in which service was obtained based on or including the same claim.

W.R.C.P. 41(a)(1) (emphasis added). The stipulation entered into by Ms. Rawlinson and the Wallerichs requested dismissal of the

Wallerichs from the action.[5] It also requested that an order be entered "to such effect." The stipulation did not specify whether the dismissal was with or without prejudice. However, the subsequent order of dismissal stated that the "Defendants Gary L. Wallerich and Judith A. Wallerich ... are, dismissed herein with prejudice." Because a dismissal with prejudice amounts to an adjudication on the merits, we must determine what effect, if any, the discrepancy between the stipulation and the order has on the outcome of this case.

■ [¶ 12] Rule 41(a)(1)(ii) contemplates that a voluntary dismissal is effective upon the filing of the stipulation. "Approval or implementation of the stipulation by the court is unnecessary." 8 *Moore's Federal Practice*, 41.34(6)(a) (Matthew Bender 3d ed.). Here, the parties requested that an order be entered. We have not previously considered what impact a subsequent order would have on a voluntary dismissal when it is requested by the parties. However, we have "acknowledged that since the Wyoming Rules of Civil Procedure are patterned after the Federal Rules of Civil Procedure, federal court interpretations of their rules are highly persuasive in our interpretation of the corresponding Wyoming rules." *Peters*, ¶ 10. Federal courts interpreting this rule have recognized that:

> [S]uch **stipulations take effect when** *filed* **and do not require an order of the court.** Fed.R.Civ.P. 41(a)(1)(ii). **Therefore, the district court' s order approving the dismissal is of no consequence.** This distinction should eliminate any confusion created by the fact that the district court

entered the order approving the dismissal and the order granting summary judgment on the same day. The claims were dismissed when the parties filed the stipulation, which was three days before the court entered the order granting summary judgment. **We have held that, when the parties file a stipulation of voluntary dismissal pursuant to Rule 41(a)(1)(ii), "any further actions by the court [are] superfluous."** *United States v. Kellogg (Matter of West Texas Mktg. Corp.)*, 12 F.3d 497, 501 (5th Cir.1994); *see also Williams v. Ezell*, 531 F.2d 1261, 1264 (5th Cir.1976).

*Meinecke v. H R Block of Houston*, 66 F.3d 77, 82 (5th Cir.1995) (emphasis added). *See also Smith v. Phillips*, 881 F.2d 902, 904 (10th Cir.1989) ("[V]oluntary dismissal by stipulation under Rule 41(a)(1)(ii) is of right, cannot be conditioned by the court, and does not call for the exercise of any discretion on the part of the court. Once the stipulation is filed, the action on the merits is at an end."). An exception to this rule permits parties to request an order enabling the court to retain jurisdiction. 8 *Moore's Federal Practice*, 41.34(6)(a), (h) (Matthew Bender 3d ed.) (parties may request that the court enter an order retaining jurisdiction over the action for the purpose of enforcing the terms of the stipulation or settlement agreement if the terms are incorporated into the dismissal order and the parties agree). In this case, the parties requested that an order be entered, but only to the extent that it approved their stipulation. There was no request that the court retain jurisdiction. We therefore

---

5. Although not raised by the parties, we note that W.R.C.P. 41(a)(1)(ii) permits a voluntary dismissal when a stipulation is signed by "by all parties who have appeared in the action." Federal case law interpreting the federal counterpart to W.R.C.P. 41(a) permits parties to use this rule to dismiss some of the parties as opposed to the entire action. This may be accomplished when the plaintiff and those defendants being dismissed sign the stipulation and the stipulation does not purport to dismiss the entire action. The stipulated dismissal is then effective as to those signatories. *See, e.g., Pipeliners Local Union v. Ellerd*, 503 F.2d 1193, 1199 (10th Cir. 1974) (finding that the claims against some of the parties were effectively dismissed even though a formal stipulation of dismissal was not signed by

all of the parties to the action as contemplated by Fed.R.Civ.P., Rule 41(a)). *See also Oswalt v. Scripto, Inc.*, 616 F.2d 191, 195 (5th Cir.1980) (acknowledging that several courts have found stipulations dismissing individual parties or claims to a lawsuit without dismissing the entire controversy permissible.); *Rudloff v. Johnson*, 267 F.2d 708 (8th Cir.1959); *Battle v. Municipal Housing Authority for City of Yonkers*, 53 F.R.D. 423 (S.D.N.Y.1971). Ms. Rawlinson, as the plaintiff, sought to dismiss only the Wallerichs from the litigation and did not attempt to dispose of the entire action through the stipulation. The Wallerichs signed the stipulation. As a result, the stipulation was sufficient to dismiss the Wallerichs even though the stipulation was not signed by all of the named defendants.

conclude that the order was superfluous because it was entered after the Wallerichs were dismissed from the action by the filing of the stipulation.

[¶ 13] Having determined that the Wallerichs were dismissed from the action upon the filing of the stipulation, we must look to the terms of the stipulation to answer the question of whether the dismissal was with or without prejudice. The stipulation was silent in this regard and, as a result, the rule requires the dismissal be without prejudice. W.R.C.P. 41(a)(1)(ii) ("Unless otherwise stated in the ... stipulation, the dismissal is without prejudice."). The subsequent order could not transform the stipulated dismissal into a dismissal with prejudice. *McKenzie v. Davenport–Harris Funeral Home*, 834 F.2d 930, 934–935 (11th Cir.1987) ("[W]here the stipulation does not state that the dismissal is with prejudice, it must be considered without prejudice ... and the court was without authority ... to dismiss the ... claim with prejudice.").

[¶ 14] Ms. Rawlinson's complaint in this action seeks an order compelling arbitration. The stipulation filed in the original action dismissed the Wallerichs from the litigation without prejudice. Once the stipulation was filed, the action against the Wallerichs was a nullity, as if the action was never filed.[6] This conclusion is consistent with our previous treatment of voluntary dismissals under Rule 41. *See Peters v. West Park Hosp.*, 2003 WY 117, 76 P.3d 821 (Wyo.2003) (Rule 41(a)(1) motion dismissing the case without prejudice rendered the case a nullity, as if the suit had never been filed and the district court could not enter an order dismissing the action with prejudice.) As a result of the voluntary dismissal, Ms. Rawlinson's claim for arbitration has never been adjudicated. Thus, the doctrine of *res judicata* does not apply to her complaint for arbitration. The district court improperly dismissed the complaint on that basis.

[¶ 15] Reversed and remanded for further proceedings consistent with this opinion.

.

---

**6.** In light of our decision that proper application of Rule 41(a)(1)(ii) renders the original action a nullity, further discussion of the Wallerichs' contention that their motion to compel arbitration was deemed denied by application of W.R.C.P. 6(c)(2) is unnecessary.