BURKE, Justice.
*1071 [¶1] Appellant, Bradley J. Rigdon, challenges the district court's order holding him in contempt for failing to comply with the parties' divorce decree. We affirm.
ISSUES
[¶2] Mr. Rigdon presents two issues, which we rephrase:
1. Was Ms. Rigdon's contempt claim against Mr. Rigdon barred by res judicata ?
2. Did the district court abuse its discretion by finding Mr. Rigdon in contempt for failing to comply with the divorce decree?
FACTS
[¶3] Ms. Rigdon filed for a divorce from Mr. Rigdon on December 7, 2015. Along with the filing of the complaint, Ms. Rigdon sought and obtained a temporary restraining order enjoining the parties from disposing of any property of the parties during the pendency of the divorce proceedings. Trial was held on April 3, 2017. Ms. Rigdon appeared personally, represented by counsel, and she was the only witness. Mr. Rigdon did not appear, but was represented by counsel, who cross-examined Ms. Rigdon. The district court took the matter under advisement and subsequently entered the "Decree of Divorce" on May 12, 2017. In the decree, Mr. Rigdon was ordered to pay monthly child support, to reimburse Ms. Rigdon for a tax debt, and to transfer to Ms. Rigdon a "silver coin collection" and "all of the investment gold and/or silver" in his possession. Mr. Rigdon filed a notice of appeal challenging the property distribution, but later withdrew his appeal.
[¶4] On June 12, 2017, Ms. Rigdon filed a "Motion for an Order to Show Cause," seeking an order requiring Mr. Rigdon to show cause why he should not be held in contempt for violating the divorce decree by failing to pay child support, pay the tax reimbursement, and transfer the gold and silver. Mr. Rigdon responded by filing an answer, in which he asserted that he was current on his child support payments, but his payments were not properly credited because he paid Ms. Rigdon directly rather than through the State's child support system. He further asserted that he was "trying to gather the money" to pay the tax reimbursement, and denied that his lack of payment was willful. He also asserted that the "silver has been delivered. There is no gold."[1] Two days prior to the hearing, Mr. Rigdon filed an "Admission of Nonpayment, Acceptance of Finding of Contempt, Motion for Opportunity to Purge Contempt Finding and Motion to Vacate Hearing." In this pleading, he admitted he was "technically in contempt" for being behind on child support payments and failing to pay the tax reimbursement. He claimed that he had returned the silver to Ms. Rigdon and, once again asserted that "there never was any gold." On that same day, he also filed an affidavit stating that "there is no gold." There was no certificate of service attached to the affidavit. In his admission, Mr. Rigdon sought a continuance of the scheduled hearing and an opportunity to purge any finding of contempt.
[¶5] Mr. Rigdon's efforts to delay the hearing were unsuccessful and the matter proceeded to hearing. Again, Mr. Rigdon did not appear, but was represented by counsel. Ms. Rigdon was the only witness.
[¶6] Following the hearing, the district court entered a "Judgment and Order Finding Defendant in Contempt of Court." It found Mr. Rigdon in contempt for failing to pay child support, failing to pay the tax reimbursement, and "failing to turn over any and all investment gold and/or silver." The district court also provided Mr. Rigdon the opportunity to purge himself of contempt by *1072 paying the arrearage in child support and the tax reimbursement by September 11, 2017. The court ordered Mr. Rigdon to turn over the investment gold and silver to Ms. Rigdon within ten days. "In lieu thereof," the court ordered, "[Mr. Rigdon] shall personally appear before this Court on or before September 11, 2017, to answer questions under oath as it pertains to the gold and silver in the form of a debtor's exam."
[¶7] Instead, Mr. Rigdon filed this appeal. He does not dispute the district court's decision finding him in contempt for failing to pay child support and the tax reimbursement. He challenges only the finding of contempt for failing to turn over the gold and silver.
DISCUSSION
[¶8] As a preliminary matter, we must comment upon the state of the record before us. Mr. Rigdon has not provided a transcript of the contempt hearing. He attempted to procure a statement of the evidence pursuant to W.R.A.P. 3.03, but the district court did not approve his proposed statement, stating in part:
[T]he document contains background information not presented at the hearing held August 18, 2017.
As such, the Court can neither accept nor reject the Statement of Evidence and Proceedings. The Court has a very limited recollection of the evidence and complete testimony. Mr. Rigdon did not appear and did not testify at the August 18, 2017, hearing. The only evidence presented was [through the] testimony of [Ms.] Rigdon. It was the Court's conclusion at the end of the hearing that Mr. Rigdon had knowledge of his obligation under the Divorce Decree, that he had the ability to comply with the Divorce Decree but did not.
When a trial court can neither accept nor reject a proposed statement of the evidence, it amounts to a rejection, because "a statement becomes part of the record only to the extent that it is settled and approved by the court." Feaster v. Feaster , 721 P.2d 1095, 1097 (Wyo. 1986). Mr. Rigdon does not challenge the district court's ruling in this appeal.
[¶9] Although there is no transcript of the contempt hearing and no approved statement of the evidence, Mr. Rigdon, in his brief, references testimony as if he had provided a record of it. For example, he states in his brief:
Plaintiff then, at the hearing granted by her Motion for Order to Show Cause, attempted to testify as to the quantity of the gold and silver that she believed the parties had during their marriage, and as to the amount the gold and silver might be worth. (ROA, pp. 137-138).
Counsel for Defendant objected but Plaintiff was allowed to answer the questions.
On cross-examination, Plaintiff admitted she did not know if Defendant had any gold or silver in his possession at the time she filed for divorce or thereafter.
The only record cite that Mr. Rigdon provides for this factual recitation is the affidavit he filed two days prior to the hearing. For obvious reasons, the affidavit could not, and does not, contain any reference to testimony from a hearing that had yet to take place. Additionally, it does not appear that the affidavit was served on Ms. Rigdon's counsel prior to trial, and there is no indication in the record that the affidavit was received into evidence at the hearing or considered by the district court.
[¶10] Mr. Rigdon, also without any record support or citation, discusses factual matters relating to the original divorce decree. He states in his brief:
At the conclusion of the trial, the District Court ordered counsel for the parties to prepare proposed Decrees. Upon receipt of the proposed Decrees, the Court called counsel for the parties, on a conference call, and asked counsel about the gold and/or silver referenced in Plaintiff's proposed Decree, as the Court had no memory of, nor notes of, gold and silver.
Counsel for both parties informed the Court that there had been mention of gold and/or silver at trial, and that Defendant agreed that Plaintiff could have whatever there was, to be held for the parties' daughters.
*1073 Mr. Rigdon's reference to matters not contained in the record is improper. If he wishes the information to be considered he must provide an adequate record. Burnett v. Burnett , 2017 WY 57, ¶ 5, 394 P.3d 480, 482 (Wyo. 2017). He has failed to do that, and we will not consider any evidence referenced for which he has failed to provide an adequate record and citation.
[¶11] In his first issue, Mr. Rigdon asserts that the district court violated principles of res judicata by receiving testimony in a contempt hearing on matters previously adjudicated at trial. Specifically, Mr. Rigdon contends that res judicata should have barred Ms. Rigdon from testifying at the contempt hearing "as to the quantity of the gold and silver that she believed the parties had during their marriage, and as to the amount the gold and silver might be worth." "The application of res judicata is a question of law, subject to de novo review." Graham v. State , 2011 WY 130, ¶ 8, 261 P.3d 239, 241 (Wyo. 2011) (citing Moore v. State , 2009 WY 108, ¶ 20, 215 P.3d 271, 276 (Wyo. 2009) ).
[¶12] Mr. Rigdon's assertion is fundamentally flawed, because res judicata is not a rule of evidence. "Res judicata ... bars relitigation of previously litigated claims or causes of action." Slavens v. Board of Cty. Comm'rs for Uinta County , 854 P.2d 683, 686 (Wyo. 1993) (emphasis omitted). "Res judicata generally prevents parties from presenting the same claim in subsequent actions once that claim has been adjudicated." Rawlinson v. Wallerich , 2006 WY 52, ¶ 8, 132 P.3d 204, 207 (Wyo. 2006) (quoting Eklund v. Farmers Ins. Exchange , 2004 WY 24, ¶ 13, 86 P.3d 259, 263 (Wyo. 2004) ). We would review the district court's decision to allow Ms. Rigdon's testimony on the amount and value of the gold for an abuse of discretion. CL v. ML , 2015 WY 80, ¶ 15, 351 P.3d 272, 277 (Wyo. 2015). However, Mr. Rigdon does not contend that the district court's evidentiary decision was an abuse of discretion, and he has failed to provide a record of the hearing. To the extent his argument raises a challenge to an evidentiary ruling, we will not consider it further.
[¶13] Further, even if res judicata principles applied here, Mr. Rigdon's argument is without merit.
In determining whether the doctrine of res judicata applies, we examine four factors: (1) identity in parties; (2) identity in subject matter; (3) the issues are the same and relate to the subject matter; and (4) the capacities of the persons are identical in reference to both the subject matter and the issues between them.
Moore , ¶ 20, 215 P.3d at 276 (quoting Lacey v. State , 2003 WY 148, ¶ 11, 79 P.3d 493, 495 (Wyo. 2003) ). We need discuss only the third factor. The issues and subject matter in the divorce proceeding and the contempt hearing were not identical. Issues at the divorce trial included whether to grant the divorce, custody of the children, and division of the parties' assets and debts. The issue at the contempt hearing was whether Mr. Rigdon had complied with the divorce decree. The enforcement action brought by Ms. Rigdon was not barred by res judicata . To the contrary, it was an action specifically authorized in the divorce decree: "This Decree may be enforced by actions and proceedings for direct and indirect Contempt of Court."
[¶14] In his second issue, Mr. Rigdon asserts that the district court abused its discretion when it found Mr. Rigdon in contempt. Our standard of review is as follows:
This Court does not interfere with an order holding a party in civil contempt of court in a domestic relations case "absent a serious procedural error, a violation of a principle of law, or a clear and grave abuse of discretion." Roberts v. Locke , 2013 WY 73, ¶ 14, 304 P.3d 116, 120 (Wyo. 2013). See also Munoz v. Munoz , 2002 WY 4, ¶ 6, 39 P.3d 390, 392 (Wyo. 2002) ; Olsen v. Olsen , 2013 WY 115, ¶ 33, 310 P.3d 888, 896 (Wyo. 2013). In reviewing the exercise of a district court's broad discretion under its contempt powers, we must determine whether the court reasonably could have concluded as it did. Roberts , ¶ 14, 304 P.3d at 120, citing Stephens v. Lavitt , 2010 WY 129, ¶ 18, 239 P.3d 634, 639 (Wyo. 2010).
Waterbury v. Waterbury , 2017 WY 11, ¶ 7, 388 P.3d 532, 534-35 (Wyo. 2017) (quoting *1074 Shindell v. Shindell , 2014 WY 51, ¶ 7, 322 P.3d 1270, 1273 (Wyo. 2014) ).
[¶15] As previously indicated, there is no transcript of the hearing. "The appellant bears the responsibility of bringing forth a sufficient record for the Court's review. When he does not, we assume that the district court's orders and rulings were correct, and summarily affirm the district court's decision." Burnett , ¶ 5, 394 P.3d at 482 (internal citation omitted). Following the hearing, the district court found as follows:
Paragraph 7(b)(i) of the parties' Decree of Divorce ordered [Mr. Rigdon] to ship to [Ms. Rigdon] all the investment gold and/or silver presently in [his] possession. ... [Ms. Rigdon] testified that over a period of 8-12 months [she] personally picked up mailings of a quantity of gold and silver, some of said shipments/packages [she] opened and saw, and some of which [she] did not open. [Ms. Rigdon's] testimony is credible. [Mr. Rigdon] has never appeared before this Court to be examined or cross-examined regarding the gold and/or silver. [Mr. Rigdon] is in contempt of this Court for failing to turn over any and all investment gold and/or silver to [Ms. Rigdon].
We must assume that the district court's findings and rulings are correct, and summarily affirm them.
[¶16] There is one final matter. W.R.A.P. 10.05(b) provides that, "[i]f the court certifies, whether in the opinion or upon motion, there was no reasonable cause for the appeal, a reasonable amount for attorneys' fees and damages to the appellee shall be fixed by the appellate court and taxed as part of the costs in the case."
We are generally reluctant to order sanctions under this rule. Grynberg v. L & R Exploration Venture , 2011 WY 134, ¶ 30, 261 P.3d 731, 739 (Wyo. 2011) ; Amen, Inc. v. Barnard , 938 P.2d 855, 858 (Wyo. 1997). We do so, however, where an appeal lacks cogent argument, where there is an absence of pertinent authority to support the claims of error, or when there is a failure to cite to the record adequately. Basolo [v. Gose ], 994 P.2d [968,] 970 [ (Wyo. 2000) ].
Burnett , ¶ 9, 394 P.3d at 483.
[¶17] Mr. Rigdon has failed to provide an adequate record for meaningful review and has improperly cited to evidence that does not appear in the record. The divorce decree specifically authorizes the type of action brought by Ms. Rigdon, and he has presented no legal authority suggesting that the action is barred by res judicata or that the district court improperly received evidence from Ms. Rigdon concerning his failure to comply with the decree. He points to no evidence in the record that would support his claim that he has not violated the decree. We therefore certify that there was no reasonable cause for this appeal, and award attorney fees to Ms. Rigdon. She shall submit a statement of attorney fees and costs to this Court for our review so that an appropriate award may be ordered.
[¶18] Affirmed.

There appears to be no dispute that Mr. Rigdon transferred the silver coins to Ms. Rigdon. The silver coins are not at issue in this appeal.